Doris Turner Lowe, Respondent, v. The Town of Mount Pleasant and Others, Defendants, Impleaded with Echo Lake Corporation and Nicola Cristofalo, Appellants.— Judgment reversed on the law and the facts, with costs, and complaint dismissed, with costs. Whatever rights and remedies exist between the defendant town and the former board of water commissioners of the water district on one hand, and the defendants Echo Lake Corporation and Cristofalo on the other, should be determined in a direct action for whatever relief the respective parties may claim under the unusual circumstances here presented. There was no occasion for the intervention of a taxpayer by action. The original contract for the sale of lands to the water district was not obviously illegal when made, but was apparently a valid contract. It does not satisfactorily appear that the vendors could not have rendered full performance on the date of closing had the board been permitted to carry out its contract. Instead the water district was summarily dissolved, so that performance by either party was rendered impossible. Even if illegality existed, that fact alone would not have justified a taxpayer's action. (*Western N. Y. Water Co.* v. *City of Buffalo*, 242 N. Y. 202.) It was found as a fact that there was no fraud or collusion. There can be no waste in respect to the contract and none is threatened, for the water district has been dissolved and there is no power in the town to fulfill the contract and purchase the land. If liability exists, it is apparently for breach of the contract or of legal duty of the officers — not on the contract. There can be no direct loss or waste on that, for it is dead, with performance impossible. The rights of the vendors cannot be determined in a summary way in an action of this nature. The plaintiff has not brought herself and her cause of action within the provisions of section 51 of the General Municipal Law. The action, even if not brought at the instance of the officers of the town or in collusion with them, has no legal basis. In this action there can be no determination of the ultimate rights of the parties to the contract, with award of relief to them. They should be free to act as they may be advised without interference of this plaintiff, who has no interest in whatever controversy may arise in view of the facts disclosed. The town and its officers must find some other means of escape from the dilemma they have created, than through this action by a taxpayer. Certain findings will be reversed and new findings made. Lazansky, P. J., Hagarty, Tompkins and Davis, JJ., concur; Young, J.: I dissent. The trial court held that the town board had no legal power to consummate the purchase under the agreement, dated November 19, 1931. The complaint alleged the purpose on the part of the town of Mount Pleasant to enforce the contract, and this is not denied in the answer of the town. It seems to me that the record is sufficient to show an illegal contract which the town intends to enforce. Settle findings and order on notice.