ECHO LAKE CORPORATION and NICOLA CRISTOFALO, Respondents, v. TOWN OF MOUNT PLEASANT and EDWARD G. REHFIELD and Others, Constituting the Board of Water Commissioners of Hardscrabble Water District in the Town of Mount Pleasant, New York, Appellants.— Judgment directing specific performance of a contract for the purchase and sale of real property reversed on the law and the facts and a new trial granted, with costs to abide the event; and with leave to plaintiffs to amend their complaint so as to set up a cause of action for damages if so advised. All findings of fact are reversed and the conclusions of law are disapproved, for the purpose of granting a new trial. The plaintiffs have mistaken their remedy. The water district, which made the contract to purchase, has been dissolved and performance by it is impossible. (*Lowe* v. *Town of Mount Pleasant,* 240 App. Div. 997.) The obligation of defendant town, which was not a party to the contract, is not to perform the contract of purchase made by the water district—for the project is at an end. In any event, equity would not compel the town to take this property for which it has no use and pay the agreed purchase price; but would, in the alternative, award, in lieu of specific performance, such damages suffered by plaintiffs as they may establish. The obligation of the town, on the dissolution of the water district, is fixed by statute, to wit, to pay the indebtedness of the water district. (Town Law, § 305-a.) This obligation may not be lightly evaded or defeated by the town that caused the dissolution of the district with this contract unfulfilled. The statutes in force at the time in respect to water control became by implication a part of the contract. The water board knew in advance of making the contract that the reasonable conditions imposed by the State Power and Water Commission and The Westchester Park Commission would have to be accepted. The terms imposed were apparently reasonable and those which were expected, and the board was at all times informed concerning them. The primary question is: Did the water board act in good faith in attempting on its part to fulfill the conditions in the contract of purchase; or did it delay action in bad faith while awaiting the dissolution of the district? On the determination of this question the rights of plaintiffs will be settled. If in favor of plaintiffs, then the amount of their damages must be determined. Hagarty, Carswell, Davis and Johnston, JJ., concur; Taylor, J., votes to reverse and to dismiss the complaint on the merits.

VIRGINIA E. FREEMAN, Also Known as VIRGINIA E. GARVIN, Respondent, v. GEORGE K. GARVIN, Appellant.— In an action to recover payment under a contract made by a husband to support his wife, order granting summary judgment and the judgment entered thereon unanimously affirmed, with ten dollars costs and disbursements. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.