COLONIAL DISCOUNT Co., INC., Plaintiff, *v.* ROBERT EDWARD RUMENS, Defendant.*

Supreme Court, Trial Term, Kings County, May 23, 1936.

*Thomas R. Fay,* for the motion.

*Joseph B. Quinlan,* opposed.

CUFF, J. This is an action on a promissory note. The facts are: Defendant purchased an automobile fram Stein & Stein Motors, Inc., giving in payment therefor a used car and a note, which was to be paid in eighteen installments of forty-three dollars each. Defendant also executed a chattel mortgage to secure the payments. Defendant returned the car after two months because the seller had sold it as a 1934 model when in fact it was a 1933 model. Seller admitted the error and proceeded to arrange to deliver to defendant the car that he had ordered. These negotiations were intrusted to a salesman of Stein & Stein, who obtained from defendant another chattel mortgage and another note, each signed in

* Affd., 249 App. Div. 736.

blank.  Defendant overlooked the detail of having the first mortgage and note that he signed returned to him.  This furnished the salesman with an opportunity to steal, and he corruptly put the notes and mortgages through two finance companies (one being plaintiff).  Of course, he identified different cars in the mortgages.  Plaintiff, as assignee of the second chattel mortgage and second note, now sues on the assigned note.  The fact is that the car described in the chattel mortgage assigned to plaintiff had been sold to another person by Stein & Stein Motors, Inc., two months earlier; therefore, it was never delivered to defendant.  Defendant paid in full for the car which he did receive, making his payments to the finance company which held the first note and first mortgage.  Plaintiff, therefore, became possessed of a worthless chattel mortgage and note because Stein & Stein Motors had knowledge through their employee that the car described in the mortgage was not the property of the mortgagor (defendant herein).  Stein & Stein Motors had breached the agreement before the assignment was made.  The note and chattel mortgage were purchased by plaintiff at the same time.  Therefore, plaintiff took both with all of their infirmities and subject to the equities existing in favor of defendant.  Stein & Stein Motors suing on the note alone could not recover because under these circumstances the note and chattel mortgage must be treated as one obligation.  (*Federal Credit Bureau, Inc.*, v. *Zelkor Dining Car Corp.*, 238 App. Div. 379.)  Plaintiff charged with notice, cannot recover either.

Motion granted.