COLONIAL DISCOUNT COMPANY, INC., Appellant, v. ROBERT EDWARD RUMENS, Respondent.— Order granting defendant's motion for summary judgment in an action to recover on a promissory note, and the judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements. The plaintiff is a finance company claiming to be a holder before maturity for value. The note was given in connection with the sale of an automobile; and simultaneously therewith the defendant executed a chattel mortgage. Both of these instruments were executed in blank; and subsequently an employee of the automobile dealer filled in the chattel mortgage, describing therein an automobile which previously had been sold and delivered to another person. The note and chattel mortgage were then purchased by plaintiff. Arrangements had been made between the defendant, the automobile dealer and another finance company for the financing of the car defendant received; and defendant paid in full. The defendant claims that the assignment to plaintiff occurred after a breach of the contract; and, therefore, the plaintiff's status is that of an assignee, and the note is subject to all defenses which defendant had against the assignor at the time of the assignment. The note and the chattel mortgage must be construed and treated as one instrument. (*Ewing* v. *Wightman,* 167 N. Y. 107, 112, 113; *National Bank of Watervliet* v. *Martin,* 203 App. Div. 390; affd., 235 N. Y. 611; *Federal Credit Bureau, Inc.,* v. *Zelkor Dining Car Corp.,* 238 App. Div. 379; *Heiman* v. *Murphy,* 143 Misc. 81.) Both the chattel mortgage and note had an invalid inception, and there was defect of title of which the plaintiff had knowledge by the contents of the instruments in its possession. Under the circumstances disclosed in the record, in purchasing the note and the chattel mortgage, the plaintiff took them subject to existing infirmities and to any defenses or equities existing in favor of the defendant against the assignor. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Adel, JJ.

ECHO LAKE CORPORATION and NICOLA CRISTOFALO, Respondents, v. TOWN OF MOUNT PLEASANT and EDWARD G. REHFIELD and Others, Constituting the Board of Water Commissioners of Hardscrabble Water District in the Town of Mount Pleasant, New York, Appellants.— In an action for breach of a contract for the sale of land and water privileges to a water district, which district was later dissolved by the town with the contract outstanding, judgment for plaintiffs unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ.

FRANK J. HARDECKER, Respondent, v. CHRISTIAN KLEM, Appellant.— Action for damages as a consequence of the collision of two automobiles. Order of the County Court of Suffolk county in so far as it denies defendant's motion to vacate the *ex parte* order and to strike out the reply reversed on the law, without costs, and motion granted to that extent, without costs. In all other respects the order is affirmed, without costs. A reply may only be required to be served on defendant's motion. The *ex parte* order, therefore, was unauthorized and the service of a reply pursuant thereto was likewise unauthorized. Since the appeal, however, presents no practical question in these particulars because the new matter is deemed to be controverted by traverse or avoidance (Civ. Prac. Act, § 243), no costs are allowed. Lazansky, P. J., Hagarty, Carswell, Davis and Johnston, JJ., concur.