MARGARET C. COGGESHALL, Appellant, *v.* EDWARD F. HENNESSEY, as Supervisor of the Town of Mount Pleasant, et al., Respondents.

Argued December 7, 1938; decided January 10, 1939.

*Joseph Day Lee* and *Winfield L. Morse* for appellant. The inclusion of the item, " Hardscrabble Water District — legal services, $6,905.60," in the 1937 budget was illegal. (Laws of 1916, ch. 105; Cons. Laws, ch. 62, §§ 111, 112, 118.) The inclusion of the item " highway department — highway certificate of indebtedness $10,400," was illegal. (*City of Johnstown* v. *Wells*, 242 App. Div. 103; *People ex rel. Moody Co.* v. *Hamilton*, 108 Misc. Rep. 585; *Rondout Sav. Bank* v. *City of Kingston*, 144 Misc. Rep. 880.)

*William F. Bleakley, John J. Ryan, James D. Hopkins* and *Max Edelman* for respondents. The items desig-

nated as " miscellaneous " and " reserve for contingencies " were validly included within the annual estimate of the town. (*Mackay* v. *Belvidere,* 101 N. J. 250; *People* v. *Tremaine,* 252 N. Y. 27; *East* v. *Brooklyn Heights R. R. Co.,* 195 N. Y. 409; *People* v. *Ahearn,* 196 N. Y. 221; *People* v. *Title Guarantee & Trust Co.,* 227 N. Y. 326; *Town of Mount Pleasant* v. *Eversole,* 96 S. W. Rep. 478; *People ex rel. Holmquist* v. *Illinois Central R. R. Co.,* 237 Ill. 324; *People* v. *Bowman,* 253 Ill. 234; *People ex rel. Mooneyhan* v. *Cairo, V. & C. R. R. Co.,* 247 Ill. 260; *Protest of St. Louis-San Francisco Ry. Co.,* 5 Pac. Rep. [2d] 763; *People* v. *Home Ins. Co.,* 92 N. Y. 328; *Matter of McPherson,* 104 N. Y. 306; *People ex rel. Burrows* v. *Supervisors of Orange County,* 17 N. Y. 235.) The appropriation in the annual estimate for the payment of the temporary certificate of indebtedness issued pursuant to chapter 34 of the Laws of 1936 was not invalid. (*People* v. *Karr,* 240 N. Y. 348; *People ex rel. Bloy* v. *Walker,* 113 Misc. Rep. 592; *People ex rel. R., W. & O. R. R. Co.* v. *Haupt,* 104 N. Y. 377; *People* v. *Ahearn,* 196 N. Y. 221; *People* v. *Title Guarantee & Trust Co.,* 227 N. Y. 366.) The items making appropriations to pay claims for professional services rendered in connection with the defense of actions brought against the town were not unlawfully included within the budget or unlawfully levied solely against the water district. (*Matter of Clark* v. *Smith,* 250 App. Div. 233; *Lowe* v. *City of New York,* 240 App. Div. 484; 265 N. Y. 583; *Griffith* v. *City of New York,* 73 App. Div. 549; 173 N. Y. 612; *People ex rel. Kiehm* v. *Board of Education,* 198 App. Div. 476; *Echo Lake Corp.* v. *Town of Mount Pleasant,* 249 App. Div. 736; 275 N. Y. 500.)

CRANE, Ch. J. Certain provisions of the Town Law (Cons. Laws, ch. 62) must be considered in determining the questions raised upon this appeal. Section 110 to section 120, inclusive, of the Town Law are known as the budget system.

" Not less than sixty-five nor more than seventy days prior to the meeting of the board of supervisors at which taxes are levied in the county in which the town is situated, every administrative officer, board, department and commission of the town and of every district thereof, except fire districts and except as otherwise provided in section two hundred two-a, shall annually prepare and file with the town clerk detailed estimates in writing of the amount of expenditures for the next fiscal year in, for and by their respective offices, boards, departments and commissions." (§ 111.)

" At least fifty and not more than sixty days prior to the date of the meeting of the board of supervisors at which taxes are levied in the county in which the town is situated, the town board shall prepare an itemized statement in writing of the estimated revenues and expenditures of the town for the next ensuing fiscal year, which statement shall be known as its annual estimate." (§ 112.)

" Immediately after the annual estimate has been completed, the town board shall file the original estimate in the office of the town clerk where it shall be available for inspection by any interested person at all reasonable hours, and shall give notice of a public hearing thereon. * * * The notice shall also specify the proposed salaries of each member of the town board, the town clerk and town superintendent of highways, and, if there be a town attorney or town engineer, the proposed salaries thereof. * * * At such hearing, any person may be heard in favor of or against the estimate as compiled or for or against any item therein contained." (§ 113.)

The tax levy is provided in section 116, which in part reads: " The town clerk shall prepare and certify in duplicate a copy of the annual estimates as adopted by the town board, including the estimates adopted pursuant to section two hundred two-a, and deliver one copy thereof to the supervisor of the town. The amount of the estimate of expenditures less the estimate of revenues as

specified in section one hundred twelve shall constitute the amount of tax to be levied upon the town for town purposes * * *."

Certain contracts and expenditures are prohibited by section 118, which reads: " Except as authorized by law, no officer, board, or department shall during any fiscal year expend or contract to be expended any money or incur any liability or enter into any contract which by its terms involves the expenditure of money for any purpose, unless provision therefor shall have been made in the annual estimate, and in no case in excess of the amount appropriated for such year. * * * Any contract, verbal or written, made in violation of this section, shall be null and void as to the town * * *."

Pursuant to section 51 of the General Municipal Law (Cons. Laws, ch. 24), and the general equity power of the court, this action has been brought to declare certain items illegal in the proposed budget of the town of Mount Pleasant, Westchester county, for the year 1937, and to enjoin their collection and payment. The challenged items may be divided into three classes: miscellaneous, $1,000, and reserve for contingencies, $2,500, being one class; legal services, $6,905.60, a second class; and highway certificates of indebtedness, $10,400, the third class. We shall take these up in their order.

The appellant claims that the words " detailed estimates in writing of the amount of expenditures for the next fiscal year " must include every little item and cannot be embodied in a lump sum appropriation. This is not the purpose of the budget. The items required to be detailed are those which give to the taxpayers notice of the proposed expenditures in such general outline that they may have a very good idea of what the government is going to cost. Thus in section 112 of the Town Law it will be noted that the town board, after receiving the detailed estimates from the various departments, shall prepare an itemized statement in writing of the estimated expendi-

tures of the town for the next ensuing fiscal year. The estimate shall include the several amounts deemed necessary in each office, board and department, separately stated. The position of the appellant is that unless every item appears in these proposed estimates, nothing can be paid out for the town from taxes, and that any item of necessary indebtedness unexpectedly arising, and which could not be foreseen, can never be paid; it would be illegal to include it, for instance, in a subsequent budget; in other words, make up for a deficiency. This we consider to be entirely too strict an application of the budget system. No person or institution or municipality could possibly act under such rigid rules. Besides, such are not necessary for the safeguarding of the public funds. The amount of $1,000 for miscellaneous items and $2,500 reserved for contingencies is not at all unreasonable.

We next come to the item of $6,905.60 for Mr. Henry J. Logan, the duly appointed attorney for the town from a time prior to January 1, 1932, until December 31, 1933. The town of Mount Pleasant had a litigation about this time over a contract for the purchase of certain land and water rights from the Echo Lake Corporation, and it arose out of these facts: The Hardscrabble Water District was formed in 1931, but on petition of certain taxpayers in 1932 it was dissolved, pursuant to chapter 113 of the Laws of 1925, being section 305-a of the act relating to towns. This act provided that the dissolution shall be made to take effect only on the termination of any existing contract, and this contract of purchase was set for a time subsequent to the passage of the resolution to dissolve the district. Litigation over the contract has found its way into the reports. (*Lowe* v. *Town of Mount Pleasant*, 240 App. Div. 997; *Echo Lake Corp.* v. *Town of Mount Pleasant*, 249 App. Div. 736; affd., 275 N. Y. 500.)

The actions were continued through a portion of Mr. Logan's term as town attorney and after his successor was appointed. Apparently he acted either as attorney or as retained counsel during all of the proceedings. This item of $6,905.60, it is admitted, covered a bill of $6,750 for services rendered by Mr. Logan for the period beginning August 12, 1932, and ending April 20, 1936, a period of approximately four years. The appellant insists that under section 118 of the Town Law no indebtedness could be incurred for counsel unless it was included in the estimate for each year; in other words, each and every year of a continuous litigation must include the fees and allowances for counsel, and these must be estimated in advance. We do not construe this law as requiring any such strict construction. The value of the services performed in one year could be included in the budget for the next, provided they are reasonable. The appellant further claims that this item should be assessed upon the town as a whole, and not upon the Hardscrabble Water District.

Referring to the records in the cases above cited, we find that the water district was created pursuant to the Town Law as it existed in 1931. A water system was to be constructed at the expense of $340,000 maximum, and Edward G. Rehfield, Charles E. Williamson and Charles H. Chapman were appointed water commissioners, constituting the board of water commissioners of the Hardscrabble Water District in the town of Mount Pleasant, New York. On November 19, 1931, the water board purported to enter into a contract with Echo Lake Corporation wherein the board agreed to purchase certain lots at the price of $7,500, and certain water rights. The proposals of the water commission were strenuously opposed, and in January of 1932 the water district was dissolved, pursuant to section 305-a of the old Town Law (Laws of 1925, ch. 113).

The plaintiffs Echo Lake Corporation and Nicola Cristofalo brought an action which as amended was for damages for breach of contract. The action was against the town of Mount Pleasant and the water commissioners of Hardscrabble Water District in the town of Mount Pleasant, New York. A judgment of $14,000 was recovered against the defendants which on appeal was affirmed by this court. (See *Echo Lake Corp.* v. *Town of Mount Pleasant*, 247 App. Div. 743; 249 App. Div. 736; affd., 275 N. Y. 500.)

What was the effect of the dissolution of the water district? Section 305-a of the old Town Law provides: " * * *. All existing indebtedness of any such district shall, notwithstanding the dissolution thereof as herein provided, be a charge upon the taxable property of the district dissolved and the town board of the town shall annually levy and collect in such district by tax a sum sufficient to pay the principal and interest of any such indebtedness as the same shall become due and payable. * * * Upon the dissolution of any such district the term of office of the water commissioner, if any, shall terminate and all property of the district shall become the property of the town."

This item for Logan's services was an existing indebtedness or obligation of the water district. It grew out of a contract created by the water commissioners for the benefit of the district. The damages for the breach took the place of the price.

We now come to a more serious question, which has to deal with the highway certificates of indebtedness, $10,400. The 1936 budget of the town of Mount Pleasant contained an appropriation for the general repair and maintenance of highways. Although the appropriation had given out, additional improvements were undertaken at a cost of $10,400, financed by the issuance of a certificate of indebtedness. This is the item now included in the 1937 budget, the money being raised in that year by

taxation to pay the certificate of indebtedness. Justification for this procedure is said to be found in chapter 34 of the Laws of 1936, which has reference to any town in this county of Westchester. It provides that the town board may "make an order directing the widening, straightening, extending, draining, paving and otherwise improving of a highway, or a portion thereof, situate wholly within such town pursuant to the provisions of this act. The application, if any, and the order shall describe the part of the highway proposed to be widened, straightened, extended, drained, paved and/or otherwise improved and shall state that such improvement is necessary for the public convenience and welfare. Before the adoption of such an order the town board shall cause to be made, a map showing the property proposed to be acquired for such improvement, and for such purpose may employ an engineer and thereafter make an estimate of the cost of the improvement, including the cost of the land required therefor and all expenses in connection with said improvement and acquisition. The order of the town board shall also designate what part or portion of such town shall pay for any such improvement unless the entire town is to pay for the same."

Section 3 of this act provides that the town board shall acquire the property or such property as it may deem necessary for the purpose of such improvement or it may be taken by gift or devise or purchase. Proceedings in condemnation may be resorted to.

Then come sections 4 and 5, which the appellant says require the board to issue bonds to pay for certificates of indebtedness issued for such work, and that the town may not include the cost in the budget for a subsequent year no matter how small or limited the improvement.

" § 4. Bonds. * * * Such town board is hereby authorized and directed to issue from time to time bonds of such town to pay the estimated cost of such improvement, and to take up the certificates of indebtedness that may be issued as provided in the following section,

provided, however, that such town board may provide for the payment of any such bonds within twenty years from their respective dates of issue.  \*  \*  \*  It shall be the duty of such town to cause to be raised annually by tax upon the taxable property of such town, in the same manner as other taxes are levied and collected a sufficient sum to pay the interest upon said bonds and the interest on any certificates of indebtedness issued as provided by the following section when and as the same shall become due and payable and also to cause to be raised by tax upon the taxable property of such town the moneys necessary to pay the principal of said bonds as the same shall become due  \*  \*  \*.

" § 5. Temporary certificates of indebtedness. The improvement of such highway, including the cost of land, acquired, may be financed by the issuance of temporary certificates of indebtedness  \*  \*  \*  and the proceeds of bonds issued and sold under the provisions of this act, shall be devoted to the payment of the cost of the improvement, including the cost of land acquired and for paying and redeeming any temporary certificates of indebtedness issued therefor."

" Such town board is hereby authorized *and directed* to issue from time to time bonds of such town to pay the estimated cost of such improvement, and to take up the certificates of indebtedness that may be issued as provided in the following section." (§ 4)

When we consider that this law of 1936 covers extensive improvements such as new highways requiring condemnation of property or else of purchase, and the expenditure of large sums of money as well as trivial repairs or changes in highways, we must give to the word " directed " a sensible application. After the appropriation in the yearly budget has given out, it may be that through some disaster a highway requires immediate repairs costing a few thousand dollars. Does this statute require that the certificate of indebtedness that may be issued to

raise money to pay for such repairs can only be paid out of a bond issue, and that a public hearing must be had, pursuant to section 113 of the Town Law, before the repairs can be made or the indebtedness incurred? This, too, would be carrying the purposes of the budget system entirely too far. At all times we must never lose sight of the object which the legislation has in mind. This budget system is to place a limit on expenditures so far as those expenditures can reasonably be foreseen. The public are entitled to a hearing on all these matters for which officials are to spend money during the coming year. If they are deemed to be unnecessary or unreasonable in amount, the facts will come out and be well aired before the public or in the press, but it is against all human experience or the ability of man to provide for everything that may happen within 365 days of the year. Accidents, unforeseen occurrences, litigation may occur, and to say that indebtedness for these things could not be incurred because not included in the yearly budget, would be requiring the impossible. When, therefore, a road needs to be repaired for some emergency or otherwise, and there is no money to meet the expense, there is no reason that we can see why the amount may not be included in the budget of the subsequent year or years, within the discretion of the town board, or if a certificate of indebtedness has been issued to raise the money, why the funds to pay this should not be provided for in such a budget. Of course officials are expected to act reasonably and in good faith. This amount of $10,400 does not strike us as being so large as to contravene the purpose of this act of 1936 which does not require that small expenditures for highway improvements shall be met by a bond issue. Therefore, we consider that the word "directed" has no application to the facts of this case, and that there was nothing illegal in including this item in the budget of 1937.

What I have said here must also be read in the light of the appellant's claim. Nowhere does she attack the good faith of the officials or the reasonableness of the charges.

The judgment should be affirmed, with costs.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgment affirmed.