WILLIAM J. GRISHABER, Plaintiff, v. TOWN OF CALLICOON and THE TOWN BOARD OF THE TOWN OF CALLICOON, as Substituted Commissioners of the Youngsville Water District, Defendants.

Supreme Court, Special Term, Sullivan County, April 17, 1941.

*John D. Lyons* [*Nellie Child Smith* of counsel], for the plaintiff.

*Ellsworth Baker*, for the defendants.

BERGAN, J. In *Echo Lake Corp.* v. *Town of Mount Pleasant* (249 App. Div. 736) the Appellate Divisiom, Second Department, passed upon the liability of a town 'for a contract made by the water district which had been dissolved by the town board in pursuance of chapter 113 of the Laws of 1925. It held the town liable for the contract of the abolished district. By the act of 1925 section 305-a was added to the Town Law. It provided for the dissolution of a water district by the town board, and further provided that " all existing indebtedness of any such district shall, notwithstanding the dissolution thereof as herein provided, be a charge upon the taxable property of the district dissolved and the town board of the town shall annually levy and collect in such district by tax a sum sufficient to pay the principal and interest of any such indebtedness as the same shall become due and payable."

The record on appeal in the Appellate Division discloses that a judgment against the water district commissioners and against the town upon a contract for the sale of lands was given at Special Term. This was upheld by the Appellate Division upon the authority of section 305-a of the Town Law as then amended. On a formal appeal in the same action the court said (247 App. Div. 743): " The obligation of the town, on the dissolution of the water district, is fixed by statute, to wit, to pay the indebtedness of the water district. (Town Law, § 305-a, as added by Laws of 1925, chap. 113.) This obligation may not be lightly evaded or defeated by the town that caused the dissolution of the district with this contract unfulfilled."

The language governing the present cause of action (Town Law, § 61, as added by Laws of 1932, chap. 634) is similar in text to the former section 305-a. It is not fully identical. It does not provide, in express terms, that " all existing indebtedness " of the district be charged on the taxable property of the district dissolved, but it reaches this end in different language. The present section 61 provides that all separate boards or commissions with certain exceptions not pertinent are abolished. It requires that the

records, books and papers of such boards be delivered to the town clerk; that funds in the possession of the boards shall be delivered to the supervisor and all other property in the possession or under the control of the board be delivered to the town board and it requires that a complete and proper accounting for all such property be made to the town board.

All powers heretofore exercised by the town boards or commissions so abolished " shall hereafter be vested in and be exercised by the town board." The powers and authority of the commissions and boards thus abolished are to be exercised by the town boards. It is further provided: " The town board shall annually prepare a budget for the operation and maintenance of each such district, including therein amounts necessary for the retirement of all bonds or other obligations * * * and the total amount of such budget shall be assessed and levied upon and collected from the taxable property within such district or districts."

Notwithstanding what was said in *Echo Lake Corp.* v. *Town of Mount Pleasant (supra)*, I cannot read into the present statute any direction to the towns within which water districts are located to assume as town obligations the liabilities of the districts. The statute provides, merely, that the districts " shall continue as now established " until the town board may otherwise determine and provides for administration by town officers and the levying of obligations against property in the district. It is plainly the intention of the Legislature that the town board shall perform the functions of the boards and commissions which are abolished by the statute, *i. e.*, that they shall manage the affairs and property of the districts within their territory.

A water district may or may not be coextensive in territory with a town. It usually consists of only a portion of the territory of a town. It could not have been the intention of the Legislature that the town as a unit of government should assume the obligations of the district lying within it and to assess the costs and obligations of the district upon all the taxable property of the town irrespective of whether such property is affected or benefited by the improvement. It may seriously be doubted if the Legislature would have the power in view of constitutional limitations to require that property not affected by or within an improvement district be charged with the cost of the improvement. This is what would happen if the obligation of the district became the obligation of the town. The section providing for the abolition of the boards and commissions imposes no such obligation in terms. On the contrary, it requires the town board to prepare a budget which shall include the outstanding obligations of the district which shall

be assessed and levied, not upon the property of the town, but " from the taxable property within such district or districts." The Legislature was careful to avoid a general assumption of liability on the town itself, or as a charge against all the property of the town, and I think the omission to impose such an obligation in express terms was deliberate.

Nothing contained in section 203 of the Town Law which, like section 61, preserves the existing districts, can be construed as imposing any obligation upon the town as a unit of government to assume the indebtedness of the district.

Although the court was dealing with a statute different in text from the one here, it was said in *Holroyd* v. *Town of Indian Lake* (180 N. Y. 318, 322) that the towns of the State are not subject to liability except where liability has been imposed by statutory direction. " While the towns of our State are municipal corporations, they have limited corporate powers and can make no contract except as authorized by statute. They are rarely subject to an action at law, and the usual method of enforcing a legal obligation against them is by a writ of mandamus issued against the officers of the town to compel them to act as required by law. The existence and power of a town depend to no extent upon the common law, but wholly upon the will of the Legislature. * * * The contract in question was not made by the town or by its officers or for its benefit. It was made by the water commissioners of a water district, who are not town officers proper, such as are named in the Town Law. * * * They do not act for the town, and no action on their part can make the town liable."

Since the intent of the Legislature was plainly to authorize town boards to take over the duties and functions of water boards and commissions and to charge their obligations upon the districts as distinguished from the town at large, the contracts of the commissions abolished by the statute do not become the obligations of the town, but they remain the obligations of the districts, which are continued by statute until abolished and the duty of the town board is not to pay the obligations from town funds or to assume them as town liabilities, but to levy the charges against the districts in accordance with the statutory plan of procedure.

The plaintiff's remedy, it seems to me, is by mandamus to compel the town board to levy upon the district. I think no obligation accrues against the town itself. Accordingly the complaint is dismissed.