## UNITED STATES v. NOVSAM REALTY CORPORATION.

### No. 168.

Circuit Court of Appeals, Second Circuit.

Jan. 31, 1942.

Isidor H. Lutzker, of New York City, for appellant.

Mathias F. Correa, U. S. Atty., of New York City (Sydney B. Wertheimer, Asst. U. S. Attorney, of New York City, of counsel), for respondent.

Before SWAN, AUGUSTUS N. HAND, and FRANK, Circuit Judges.

FRANK, Circuit Judge.

Plaintiff, the United States of America, recovered summary judgment against appellant Novsam Realty Corporation, as maker, for the unpaid balance of a negotiable note. The note was given to McNulty Bros. Heat Contract Corporation, in connection with the sale and installation of three automatic coal burners and equipment. McNulty Bros. assigned the note for a valuable consideration to Equipment Acceptance Corporation, and the conditional sales contract covering the burners was simultaneously delivered to that company. After appellant became delinquent in making payments, the note, which had been insured by the United States under the provisions of the National Housing Act, 12 U.S.C.A. § 1701 et seq., was assigned to the United States, along with the contract, by Equipment Acceptance Corporation. To an action brought on the note, appellant presented the defense of breach of warranty, in that the burners do not burn good stoker coal efficiently, do not abate smoke in conformity with city ordinances, and do not maintain the proper boiler pressure or water temperature, and alleged that it notified the seller and its assignee upon discovery of the situation. It is stipulated that the alleged defects were not known to Equipment Acceptance Corporation when it took the note and contract. The District Court granted plaintiff's motion for summary judgment on the authority of our decision in United States v. Hansett, 2 Cir., 120 F.2d 121.

This case, like that, must rest upon New York law. Under Section 95 of the New York Negotiable Instruments Law, only actual knowledge at the time of negotiation of an infirmity in the instru-

ment will defeat the rights of one who is otherwise a holder in due course. Without such a notice, he is not subject to a defense, like breach of warranty, which would prevent enforcement of the note by the original payee here, McNulty Bros. Heat Contract Corp., against the maker. In Credit Alliance Corp. v. Buffalo Linen Supply Co., 238 App.Div. 18, 263 N.Y.S. 39, the Appellate Division for the Fourth Department held, in a situation analogous to the one before us, that knowledge of the terms of the contract which gave rise to the note would not charge the holder with knowledge of defenses which might exist against the payee by virtue of his breach of the contract. That case comports with decisions of the New York Court of Appeals, such as Tradesmen's National Bank v. Curtis, 167 N.Y. 194, 60 N.E. 429, 52 L.R.A. 430, and Enoch v. Brandon, 249 N.Y. 263, 164 N.E. 45, as well as with the overwhelming authority elsewhere. See cases cited in Brannon's Negotiable Instrument Law, 5th Ed., 589–592.

Conflicting with this decision, and standing almost alone,[1] is Federal Credit Bureau v. Zelkor Dining Car Corp., 238 App.Div. 379, 264 N.Y.S. 723, decided by the Appellate Division for the First Department. When we are faced with two conflicting decisions of different Appellate Divisions, we think Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, does not forbid us to choose the one which is more in line with the decisions of the New York Court of Appeals, especially when it construes a uniform act in accordance with its language and manifest purpose. We conclude that Credit Alliance Corp. v. Buffalo Linen Supply Co., supra, is controlling, and that the United States takes free of a defense available to the maker against the named payee.

Appellant also relies upon Colonial Discount Co., Inc., v. Rumens, 249 App.Div. 736, 291 N.Y.S. 676, affirmed without opin-ion 274 N.Y. 612, 10 N.E.2d 576. While the opinion below, 161 Misc. 846, 292 N.Y.S. 121, would seem to indicate that the holder had no knowledge of the defense at the time it took the note, the Appellate Division for the Second Department decided the case on the theory that the holder had such knowledge, saying: "There was defective title of which the plaintiff had knowledge by the contents of the instruments in its possession." [249 App. Div. 736, 291 N.Y.S. 677] In affirming without opinion, the Court of Appeals repeated this language as a statement of facts.[2] The case, therefore, cannot be regarded as abrogating the requirement of actual knowledge, and it is not controlling here. The line of cases represented by Ewing v. Wightman, 167 N.Y. 107, 60 N.E. 322, and National Bank of Watervliet v. Martin, 203 App.Div. 390, 196 N.Y.S. 714, does not aid appellant. Although cases of this type hold that simultaneous instruments must be read together, they typically charge a party to one instrument, or his assignee, with knowledge of matters which may be gleaned from an examination of the face of the other document. None goes so far as to require the holder of a negotiable instrument to examine the goods delivered under a simultaneous contract at the risk of being charged with knowledge that they do not conform to the contract specifications. Such a rule would seriously encumber notes which have been called "couriers without luggage," and certainly cannot be founded upon cases which, for other purposes, hold that the terms of a negotiable instrument may be modified by a simultaneous contract. There are limits beyond which the unconditional promise of the note cannot be impaired. Cf. Enoch v. Brandon, supra.

Since Equipment Acceptance Corporation, the assignor of the United States, had no actual knowledge of the maker's defenses, the motion for summary judgment was properly granted.

Affirmed.

---

[1] It was followed by C. I. T. Corporation v. Joffe, 157 Misc. 225, 283 N.Y.S. 881.

[2] We take this to be, as it purported to be, a statement of a fact, rather than as a rule of law that the underlying facts will cause a court to "impute" or "presume" knowledge by the payee.