In the Matter of the Will of IRENE L. McCOY, Deceased. DAISEY M. DUNN, Appellant; ESTELLE M. WETZEL, Respondent.—

All concur. (The order denies objectant's motion to compel proponent or her attorneys to produce for discovery and inspection certain papers.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

ROBERT F. OSBORN, Respondent, v. NELLIE B. SKINNER, Appellant.— All concur. (The order denies defendant's motion for a disallowance of costs and allows a taxation of costs in favor of plaintiff.) Present — Crosby, P. J., Taylor, Dowling, Harris and McCurn, JJ.

CHARLES M. GORMAN, Respondent, v. HAROLD L. SCHAEFER, INC., Appellant.— All concur, except McCurn, J., who dissents and votes for reversal and for granting a new trial. (The judgment is for plaintiff in an action to recover commissions. Two orders deny defendant's motions to dismiss and the third order denies a motion for a new trial.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

BOARD OF SUPERVISORS OF THE COUNTY OF MONROE, Appellant, v. TOMACK SUBSIDIARY, INC., et al., Respondents.— All concur. (The order confirms the report of the Commissioners and makes an award to the defendant Tomack Subsidiary, Inc., in a condemnation proceeding.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.

AUTOMOBILE FINANCE Co., Appellant, v. HAZEL M. HOLMES, Respondent.— Memorandum: We think that the complaint should have been dismissed for failure to state a cause of action. The note and the agreement of guaranty were executed and delivered simultaneously and constituted but one instrument and they should be construed together and an action should have been brought on both instruments. (See *Federal Credit Bureau, Inc.,* v. *Zelkor Dining Car Corp.,* 238 App. Div. 379; *Manufacturers Trust Co.* v. *Steinhardt,* 265 N. Y. 145; *Colonial Discount Company, Inc.,* v. *Rumens,* 249 App. Div. 736; affd., 274 N. Y. 612; *Rogers* v. *Smith,* 47 N. Y. 324.) The judgment should be modified by striking out the words "on the merits" and by substituting in place thereof the words "for failure to state a cause of action but without prejudice to the right of the plaintiff to bring a new action on the agreement and the note." All concur. (The judgment dismisses the complaint in an action on a promissory note.) Present — Cunningham, Taylor, Dowling, Harris and McCurn, JJ.