PETROLEUM ACCEPTANCE CORPORATION, Respondent, v. QUEEN ANNE LAUNDRY SERVICE, INC., Appellant.

Second Department, March 29, 1943.

*Edward Lazansky* and *Benjamin Jaffe* for appellant.

*Harry Shereff* and *Louis H. Shereff* for respondent.

*Per Curiam.* Action by the holder against the maker of a promissory note. Plaintiff claims to be a holder in due course of a promissory note executed by the defendant, dated June 18, 1941. Defendant asserts that the note is uncollectible because of certain equities.

The making and nonpayment of the note are admitted by defendant. The payee, Sherb, Wood Company, procured its

discount with plaintiff for a valuable consideration on May 5, 1941. Plaintiff claims that prior to that date it advanced sums of money to Sherb, Wood Company on a contract which the latter had with defendant for the sale and installation of electrical equipment, and that as security it took an assignment of the contract and payments due or to become due from the defendant thereunder; that later, on May 5, 1941, it advanced further moneys and received the note in suit. Defendant says that the contract assigned to plaintiff and the note are to be read together. We may accept defendant's contention in this regard.

Defendant claims that it executed the contract and note simultaneously on February 19, 1941; that plaintiff had the contract assigned to it March 3, 1941; that it acquired the note May 5, 1941; that the payment of the note is subject to the performance of the contract and terms therein respecting payment, of which plaintiff had knowledge; and that subsequent to May 5, 1941, the contract was not performed by Sherb, Wood Company. Reading the two instruments together evolves no such effect under the adjudicated cases. The contract was made on February 19, 1941, and Sherb, Wood Company had ninety days within which to perform. The contract could not be breached by failure to perform earlier than May 20, 1941. The defendant does not claim, and adduces no evidentiary proof, that the contract was breached on May 5, 1941, when the note was discounted and value therefor was paid by plaintiff. Therefore, on the undisputed facts, plaintiff took the note prior to and without knowledge of any alleged breach of the contract and became a holder in due course. (Negotiable Instruments Law, §§ 50, 91.)

It has been settled for more than a century that a holder in due course of a note, who received it prior to knowledge of any breach of a contract out of which the note evolved, is entitled to payment thereof without regard to whether or not that contract was breached after he received the note. (*Davis* v. *McCready*, 17 N. Y. 230; *Tradesmen's Nat. Bank* v. *Curtis*, 167 N. Y. 194; *Enoch* v. *Brandon*, 249 N. Y. 263; *Credit Alliance Corp.* v. *Buffalo Linen S. Co.*, 238 App. Div. 18; *United States* v. *Novsam Realty Corp.*, 125 F. 2d 456; *United States* v. *Hansett*, 120 F. 2d 121.)

Where the holder in due course of a note has knowledge that the basic contract contemplates that there is to be no payment unless the contract be performed, that knowledge does not preclude enforcement of the note even though there be a breach of the basic contract after the holder acquires the note. (*Trades-*

men's *Nat. Bank* v. *Curtis, supra; National Bank of Watervliet* v. *Martin,* 203 App. Div. 390, affd. 235 N. Y. 611.)

The acquisition of a negotiable note after or simultaneously with the acquirement of an interest in the basic contract out of which the note evolved permits an examination of the instrument evidencing the same, or proof relating thereto, to determine whether separately or in conjunction with the note it reveals the existence of a breach of the basic contract or transaction, or any other defect under section 91 of the Negotiable Instruments Law, at the time the note was received. If either vitiating element appears one is not a holder in due course and equities attach.

In *Colonial Discount Co., Inc.,* v. *Rumens* (249 App. Div. 736, affd. 274 N. Y. 612) plaintiff took the note with knowledge from the accompanying instrument that the basic contract had been breached, and it was not, therefore, a holder in due course.

This court is committed against the contention of the defendant in an analogous situation. (*Colonial Discount Co., Inc.,* v. *Goodfriend,* 226 App. Div. 764.) There a security agreement in the nature of a chattel mortgage was assigned when the note was discounted, as appears from the record on appeal in such case.

In advancing its contentions defendant makes no distinction between the effect of an assignment of a contract for performance by the assignee and an assignment merely as collateral security of a contract or the proceeds thereof. The cases it invokes as binding an assignee to perform the contract or to be bound by its subsequent breach are cases where the assignment was for the purpose of performance and not as collateral security. In one case the assignee becomes obligated to perform, while in the other no obligation is assumed. If in discounting a note one takes as security an assignment of a contract or other instrument connected with a basic transaction, he acquires no greater knowledge respecting the terms thereof than he would acquire if the instrument were merely exhibited to him at the time the note was discounted. The knowledge he acquires is the same in both instances — no more, no less. In each instance, he is apprised that there may be a breach of the contract in the future, but that knowledge does not preclude his becoming a holder of a note in due course. (*Tradesmen's Nat. Bank* v. *Curtis, supra; National Bank of Watervliet* v. *Martin, supra; Colonial Discount Co., Inc.,* v. *Goodfriend, supra.*)

We are not concerned with any alleged equities in favor of the defendant, even if they exist. They cannot be determined

on this record. We have merely a naked assertion that the basic contract was not performed, without any evidentiary showing in respect of the alleged breach which may or may not be justifiably asserted.

Plaintiff, as a holder in due course, is not barred by a breach of the basic contract subsequent to May 5, 1941. So to hold would be, in disregard of long-settled authority, to clog inexcusably the channels of commerce and hinder the free and easy negotiability of notes, which quality is indispensable under the law merchant, intolerant as it is of distinctions, lacking substance, destructive of the uniformity upon which it is equally insistent.

These views make it unnecessary to consider the effect of an unambiguous provision in the basic contract which, plaintiff contends, bars the assertion by the maker of the note of any claims relating to the alleged breach of the basic contract against anyone other than the contractor, Sherb, Wood Company.

The order granting plaintiff's motion for summary judgment and the judgment entered thereon should be affirmed, with ten dollars costs and disbursements.

HAGARTY, CARSWELL, JOHNSTON, ADEL and TAYLOR, JJ., concur.

Order on reargument granting plaintiff's motion for summary judgment, and the judgment entered thereon, unanimously affirmed, with ten dollars costs and disbursements.