Per Curiam.

It was error to instruct the jury to return a verdict for the defendant if they found that plaintiff’s president knew of the existence of the conditional sales contract when the notes were discounted by plaintiff. In the absence of evidence that plaintiff acquired the notes with knowledge of any breach of the contract out of which the notes evolved, the jury could upon proper proof find that plaintiff was a holder in due course. “ Where the holder in due course of a note has knowledge that the basic contract contemplates that there is to be no payment unless the contract be performed, that knowledge does not preclude enforcement of the note even though there be a breach of the basic contract after the holder acquires the note.” (Petroleum Accept. Corp. v. Queen Anne Laundry Service, 265 App. Div. 692, 693.) It was also error to ignore the provision of the notes for payment of attorney’s fees. (See Negotiable Instruments Law, § 21.)
The judgment should be unanimously reversed on the law and a new trial ordered, with $30 costs to plaintiff to abide the event.
Pette, Hart and Di G-iovanna, JJ., concur.
Judgment reversed, etc.