STRATFORD FACTORS, a Copartnership, Respondent, *v.* LIBORIO CORP. et al., Appellants, et al., Defendants.

First Department, October 21, 1958.

*Michael M. Platzman* of counsel (*Samuel Mirer,* attorney), for appellants.

*Emanuel Silverman* of counsel (*John Kuttas* with him on the brief; *Emanuel Silverman,* attorney), for respondent.

*Per Curiam.* Defendant corporation, which owned a restaurant, entered into a written agreement with a contractor to

remodel its premises, and gave the contractor a series of promissory notes evidencing the weekly payments that were to be made while the work progressed. The contractor indorsed and turned the notes over to plaintiff, a copartnership engaged in the business of financing commercial ventures. The contractor failed to complete the job it had undertaken, but the corporate defendant continued nevertheless to pay the notes for more than half a year. It then stopped and a note was dishonored. This default rendered all the remaining notes, by their terms, due and payable.

Plaintiff brought suit upon the notes, and then moved successfully for summary judgment, claiming to be a holder in due course. Defendants opposed upon two grounds; first, that plaintiff was engaged in a joint enterprise with the contractor in its dealings with defendants and, therefore, as a joint venturer or partner in the transaction, received the notes subject to all defenses that could be asserted against the contractor. Special Term properly held that this claim of joint venture was wholly unproved and that therefore no issue as to that defense survived for trial.

Defendants' second contention was that plaintiff was not a holder in due course because it had received the notes from the contractor with full knowledge of terms and conditions of the underlying contract between the corporate defendant and the contractor which would bar recovery of the payments evidenced by the notes in suit. The contract, among other things, provided that in the event the contractor stopped work, the corporate defendant should not be liable for any payments beyond the date of stoppage of work.

Plaintiff knew the terms of this contract at the time it received at least some of the notes; but the contract was not breached until sometime after such receipt. The fact that plaintiff knew that the basic contract provided that there were to be no payments after the contractor stopped work does not affect plaintiff's character as a holder in due course—provided the apprehended breach occurred after plaintiff took the notes in good faith and for value (Negotiable Instruments Law, § 91; *Petroleum Acceptance Corp.* v. *Queen Anne Laundry Service,* 265 App. Div. 692; *Enoch v. Brandon,* 249 N. Y. 263).

However, in their opposing papers defendants raised sufficient question as to whether plaintiff had received all the notes and parted with value for them prior to the breach of the underlying agreement so as to put plaintiff to its proof on that score. Plaintiff has not responded to the issue thus raised by defend-

ants in its reply affidavit, and has contented itself in its supporting papers with vague and conclusory averments as to discounting the notes and being a holder in due course.

Accordingly, the judgment and order appealed from must be reversed on the facts and the law and the motion for summary judgment denied, with costs to abide the event, and with leave to plaintiff to renew the motion upon the clear showing, which it is within its power to make, of the value given for the notes, the time when such value was given, and when the notes were received.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Judgment and order unanimously reversed upon the law and upon the facts, with costs to the appellants to abide the event, and plaintiff's motion for summary judgment is denied, with leave, however, to the plaintiff to renew the motion in accordance with the *Per Curiam* opinion filed herein.