■ CARMELA GILIBERTI, Respondent, v. CITY OF NEW YORK, Defendant, and DELONG REALTY CORPORATION et al., Appellants.— In an action to recover damages for personal injury, defendants Delong Realty Corporation and Emenee Industries, Inc., appeal from an order of the Supreme Court, Queens County, entered February 28, 1964, which denied their motion for leave to amend their answer so as to plead, on behalf of defendant Emenee Industries, Inc., a defense based upon section 11 of the Workmen's Compensation Law, to the effect that plaintiff's exclusive remedy is under the provisions of that statute. Order reversed, without costs, and motion granted. The amended answer shall be served within 30 days after entry of the order hereon. In our opinion, the denial of the motion by the Special Term was an improvident exercise of discretion (*Dalton* v. *Michelin*, 18 A D 2d 1138; *Van Wie* v. *Gridley & Son*, 21 A D 2d 842; *Morris* v. *Luck*, 28 Misc 2d 831; *Mitchell* v. *A. A. Truck Renting Corp.*, 9 A D 2d 682). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ GORDON SUPPLY CO., INC., Respondent, v. SOUTH SEA APTS., INC., et al., Appellants.— In an action on a promissory note instituted by a holder in due course against the corporate defendant, the maker, and the two individual defendants, the indorsers, all the defendants, by permission of the Appellate Term of the Supreme Court, appeal from an order of said court, dated September 18, 1964, which affirmed an order and judgment of the Civil Court of the City of New York, Kings County, entered respectively September 17, 1963 and October 14, 1963, granting plaintiff's motion for summary judgment. Order of the Appellate Term, affirmed, with costs. Plaintiff is a holder in due course of the note, having obtained title thereto for value about January 24, 1963. The defense is that, shortly before the making of the note on January 24, 1963, the payee agreed that, before the maturity of the note on April 24, 1963, it would repair all the defective work it had allegedly done theretofore; that, unless the repairs were thus properly made, the note would not be paid; that plaintiff took the note about January 24, 1963 with the knowledge of this agreement; and that thereafter the payee failed to perform its promise. These facts, even if proved, would not constitute a defense (*Petroleum Acceptance Corp.* v. *Queen Anne Laundry Serv.*, 265 App. Div. 692; *Eaton* v. *Laurel Delicatessen Corp.*, 5 N Y 2d 1029). With respect to the defense that the transfer of this note to plaintiff constituted a diversion of trust funds, there is no claim or proof that any of the payee's subcontractors or materialmen are unpaid. Beldock, P. J., Ughetta, Rabin, Hopkins and Benjamin, JJ., concur.