■ Moussa Aryeh, Appellant, v Eastern International et al., Respondents.—Order, Supreme Court, New York County, entered May 5, 1976, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and summary judgment in favor of plaintiff and against the defendant Lavi granted, without costs or disbursements. Pursuant to CPLR 3213, plaintiff made a motion for summary judgment upon a check in the sum of $20,000. The check, drawn in January, 1975 and postdated to April 15, 1975, was a down payment on a rug to be bought by defendant from a Mr. Rachtian and was made payable to the latter. On February 14, 1975, Rachtian endorsed the defendant's check as payment for a purchase from plaintiff. On April 14, 1975 defendant placed a stop order on the check after Rachtian failed to deliver the rug defendant had ordered. Admittedly, defendant signed the check in question. Subdivision (2) of section 3-307 of the Uniform Commercial Code provides that "when signatures are admitted or established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense." Possible defenses available to a defendant depend upon whether or not the plaintiff is a holder in due course. Subdivision (1) of section 3-302 of the Uniform Commercial Code defines a holder in due course as a holder who takes the instrument for value, in good faith, and without notice that it is overdue, has been dishonored, or of any defense against it. Plaintiff has met these conditions. Defendant's claim that he did not receive consideration from Rachtian for the $20,000 check does not affect plaintiff's status. Subdivision (4) of section 3-304 provides that knowledge that the instrument is postdated and that it was issued or negotiated in return for an executory promise by themselves do not give the purchaser notice of a defense or claim. Nor does a breach of the executory promise subsequent to the receipt of the instrument by the holder create a defense against the holder *(Petroleum Acceptance Corp. v Queen Anne Laundry Serv.,* 265 App Div 692; *Gordon Supply Co. v South Sea Apts.,* 23 AD2d 666). Concur—Markewich, J. P., Birns, Capozzoli, Nunez and Yesawich, JJ.