■ FEDERAL DEPOSIT INSURANCE CORPORATION, Appellant, v MATTHEW M. RUSSO et al., Respondents. — In an action on a promissory note, commenced by service of a summons with notice of motion for summary judgment in lieu of a complaint, plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Pantano, J.), entered September 25, 1981, as denied its motion for summary judgment. Order reversed, insofar as appealed from, on the law, with $50 costs and disbursements, and plaintiff's motion is granted. On August 11, 1975 defendants, doing business as RWB Associates, issued a note to Penral, Inc., payable on May 14, 1976, in the face amount of $10,000 with 8% annual interest. The note was discounted by plaintiff's predecessor, First State Bank of Hudson County (hereinafter the Bank) on December 12, 1975. On the maturity date of May 14, 1976, defendants stopped payment on the original note and issued a replacement note, which was payable August 12, 1976. The original note was not, however, returned. On May 14, 1976, the Bank sent a certificate and notice of protest to defendants RWB Associates and Russo. The Bank was declared insolvent by the New Jersey Commissioner of Banking on June 14, 1976, and plaintiff was appointed receiver of the Bank; as such, it became the holder of the note. This action was commenced by plaintiff "in its corporate capacity as Liquidator of certain assets". Plaintiff, as transferee of the Bank, takes the Bank's interest in the note (see Uniform Commercial Code, § 3-201, subd [1]). On August 12, 1976, three months after the issuance of the certificate and notice of protest and without the original note having been returned, defendants authorized the payment of the replacement note. In the early part of September, 1975, prior to discounting the original note, the Bank's president had discussions concerning the note with defendant Russo. The note did not refer to any other document and was unconditional on its face. It had been issued as payment for excavating work to be performed by Penral, Inc. The contract for the work was not produced for the Bank and is not part of the record on appeal. Russo explained that he did not think the work

would be completed on time and, therefore, the note would not be paid when due. However, when these discussions took place, a period of eight months still remained for Penral, Inc., to complete the work under the terms of the contract. Moreover, the defendants knew that Penral, Inc., intended to discount the note for value and, in fact, the note was discounted by the Bank, plaintiff's predecessor, at the request of Penral, Inc., on or about December 12, 1975, for the total sum of $9,841.51. At the time that the bank discounted the note, a breach of contract and therefore a defense to the note did not exist. The conversations between Russo and the Bank did not act as notice of a defense. This court has previously held that a breach of an executory promise subsequent to the receipt of an instrument by the holder does not create a defense which may be asserted against the holder (see *Gordon Supply Co. v South Sea Apts.,* 23 AD2d 666; *Petroleum Acceptance Corp. v Queen Anne Laundry Serv.,* 265 App Div 692; see, also, *Aryeh v Eastern Int.,* 54 AD2d 850). Furthermore, the fact that the Bank had notice that a possible breach of the underlying contract might occur does not mean that it was taking the note in bad faith. The Court of Appeals has stated: "Good faith under the code is defined as 'honesty in fact in the conduct or transaction concerned' (Uniform Commercial Code, § 1-201, subd [19]) and it is clear that the draftsmen intended that this language set a subjective and not objective standard" (*Chemical Bank of Rochester v Haskell,* 51 NY2d 85, 91). It has long been held that the mere suspicion of an infirmity or defect is not notice of a defect and therefore does not constitute bad faith (*Hall v Bank of Blasdell,* 306 NY 336; *Chemical Bank of Rochester v Haskell, supra*). The Bank took the note under reasonable circumstances and therefore in good faith. Plaintiff has shown that the Bank was a holder in due course, having proved that it was a holder who took the note for value, in good faith and without notice that it was overdue or had been dishonored or of any defense against or claim to it on the part of any person (see Uniform Commercial Code, § 3-302). As transferee of the Bank, plaintiff is entitled to holder in due course status (see Uniform Commercial Code, § 3-201, subd [1]). Defendants' defenses (one of which was their improvident payment on the replacement note without the return of the original note) fail because plaintiff is a holder in due course. Therefore the note must be honored. We have examined defendants' other arguments and find them to be without merit. Thompson, J. P., Brown, Rubin and Boyers, JJ., concur.