Securities Investment Company, Appellant, *v.* Clyde E. Maxwell, Jr., Respondent.

Supreme Court, Erie County, January 19, 1928.

Bills and notes — note secured by conditional sale contract — property purchased on approval was delivered by agent — notice to agent that property was unsatisfactory was sufficient return thereof, in absence of any specified place to which to return property — plaintiff, indorsee, was subject to defense that property was returned.

The promissory note, on which this action is based, was transferred to the plaintiff by a conditional vendor, and is one of a series of notes given on the conditional sale of property. The note contains a statement that it is secured by a chattel mortgage. The property was sold to the defendant upon condition that if it did not give satisfaction, the defendant might return the same within thirty days. The evidence shows that the property was delivered by an agent of the seller, and that within two weeks the defendant notified the agent that the property was unsatisfactory and demanded its removal. The finding that the defendant returned the property is supported by the evidence, since the action of the defendant notifying the agent to remove the property, constituted a sufficient return thereof to the seller, in view of the fact that the contract did not specify where the property was to be returned in case it was found to be unsatisfactory.

The contention by the plaintiff that he is a holder in due course and, therefore, not subject to defenses which would be good against the payee, and not subject to the defense that the property was returned, cannot be sustained, for the note itself contains a statement that it was secured by a chattel mortgage. The statement was sufficient to put the plaintiff upon inquiry and evidently referred to the conditional contract of sale.

Appeal from a judgment of the City Court of Buffalo, entered November 25, 1927, in favor of the defendant and against the plaintiff, dismissing the plaintiff's complaint with costs, after a trial by the court without a jury.

*E. E. Humphrey*, for the appellant.

*Elmer E. Finck*, for the respondent.

Harris, J. The action was brought to recover upon a promissory note given to the plaintiff's indorser, the Gus V. Brecht Butchers' Supply Company of St. Louis, by the defendant. Such note was one of a series given in pursuance of the provisions of a contract of conditional sale dated July 14, 1926, and executed by the Butchers' Supply Company and the defendant. The contract

of conditional sale contained, among other things, the provision: " It is agreed that the title to the property covered by this contract * * * shall not pass to the purchaser until the entire purchase price thereof and any note or notes * * * given therefor * * * is paid. * * * "

And the further provision: " The buyer has the right to try this unit in operation in his store for thirty days, and if it does not give entire satisfaction he has the right to return it to the Company who guarantees to return all money paid on same, including transportation and installation charges and will cancel this contract."

The appellant herein claims that the trial court erred in two respects:

(a) In finding that the defendant (referred to in such contract as the " Buyer ") made a return of the so-called unit to the Butchers' Supply Company; and

(b) That the appellant, plaintiff, was not a holder in good course, and in suing was subject to the same defenses to the payment of the notes as its assignor would have been.

In reference to the question as to whether the unit was properly returned, the evidence is that the unit was delivered to the respondent, defendant, by the sales agent of the Butchers' Supply Company, and that the buyer, within two weeks after such delivery, decided that the unit did not give satisfaction and then notified the sales agent who had delivered the unit that such unit was unsatisfactory and demanded that such sales agent remove it from the buyer's place of business. The contract itself does not specify where the unit was to be returned, and I am of the opinion that the court below did not err in holding that the statement of the buyer to the sales agent of the Butchers' Supply Company that he, the buyer, desired the unit removed on account of lack of satisfaction, was a sufficient return to the company. In doing this the buyer was making the return exactly in the way by, and to the source from, which the article was delivered to him. In my opinion, this case and the contract therein construed are to be distinguished from *Columbia Weighing Machine Co.* v. *Kleckner* (130 Misc. 861), cited by the appellant herein, in that the contract construed in the case so cited was a contract of outright sale, providing for return of the article to a specified place, while the contract involved in the suit on appeal was a conditional sale providing simply for return to the company, specifying no place for such return.

I am also of the opinion that the court did not err in finding that the defense of return available to the buyer under the contract was a defense against the Butchers' Supply Company's indorsee,

11

the appellant, plaintiff, herein. I base this conclusion on the evidence produced on the trial to the effect that the notes sued on in this action contained the following: " This note secured by a chattel mortgage," and that such verbiage was sufficient to put the plaintiff, in taking such notes, upon notice of any defense to the payment thereof, which the giver of such note would have by reason of the provision of the so-called chattel mortgage therein referred to, which chattel mortgage was evidently the conditional contract of sale above referred to.

Being of the opinion that no error was committed on the trial, and that the decision of the trial court upon which judgment was entered was not against the weight of evidence or contrary to law, I find that the judgment of the City Court herein should be sustained.