COMMERCIAL INVESTMENT TRUST, INCORPORATED, Plaintiff, *v.*
A. L. PEARSON, Defendant.

County Court, Niagara County, July 28, 1931.

*Hopkins, Brim & Hopkins* [*W. Alfred Brim* of counsel], for the plaintiff.

*Judson, Holley & Andrews* [*J. Wesley Andrews* of counsel], for the defendant.

GOLD, J. Plaintiff has brought this action to recover on a series of six promissory notes, each for twenty-nine dollars and seventy-five cents, given by the defendant to the Duplex Dairy Equipment Company on October 3, 1928. The defendant agreed to purchase a milking machine from said Duplex Dairy Equipment Company and on this date entered into a contract in writing by which he agreed to pay the sum of seventy-seven dollars in cash on delivery of the machine and the balance of the purchase price by a series of eight notes for twenty-nine dollars and seventy-five cents each. The contract provided that the title to the machine was to remain in the vendor until the notes were fully paid. At the time of the execution of the said sales contract and said notes a written guaranty covering said machine was delivered to the defendant by the vendor. This guaranty was a separate writing, but it was referred to in the

conditional sales contract as follows: "The written guarantee of the Duplex Dairy Equipment Company of Providence, Rhode Island, a copy of which has been delivered to me this day, is accepted by me as a part of this contract." The sales contract, notes and guaranty were all executed and delivered at the same time and form one transaction.

It appears from the evidence that the plaintiff became the holder of the notes on October 6, 1928, three days after their inception, and that the plaintiff advanced to the vendor ninety per cent of the amount of the notes.

The defendant paid the down payment of seventy-seven dollars to the vendor and has also paid two of the series of eight notes and the action is brought to recover on the remaining six notes, together with a reasonable attorney's fee for collection, which was provided for in said notes. The defendant seeks to avoid payment of the notes by setting up a counterclaim for breach of warranty by the vendor of the machine and by asserting that his counterclaim is available against the plaintiff herein because it is not a holder in due course.

The defendant established by uncontradicted evidence that the machine did not do the work for which it was intended; he notified both the Duplex Dairy Equipment Company and plaintiff of such failure within the period of the guaranty and efforts were made by the vendor of the machine to remedy the condition without avail.

The vendor in its written guaranty guaranteed that the machine would do the work for which it was designed and that if the machine should fail to do so and should be found defective by the Duplex Company the vendor would instruct the purchaser to return it and would either furnish a complete new machine or return all the money received for it. It had not instructed him to return the machine; it had not replaced it with a new machine, and it had not returned the consideration paid.

The only witness for the plaintiff testified that the plaintiff not only purchased the notes given by defendant but also purchased the conditional sales contract and became the owner thereof as collateral security for the payment of the notes.

It is apparent from the testimony that the Duplex Dairy Equipment Company not only transferred the notes to the plaintiff but also all other remedies which the vendor had under the contract, and plaintiff was fully acquainted with the original transaction had between said Duplex Company and the defendant, including the guaranty.

The first two of the series of eight notes were paid, but before the third note became due defendant learned that the said machine

was not operating as guaranteed and for this reason refused to pay the balance of the notes.

The plaintiff apparently recognized the fact that it had taken over this contract with the notes as it wrote to the defendant at one time as follows: " We have purchased your notes and contract from the above " (referring to the Duplex Company). Also " if installation not completed, merchandise not delivered or if any discrepancy whatsoever please advise us immediately." Plaintiff wrote a letter to defendant on May 21, 1929, in which it stated: " If there is still a complaint to be made on the equipment will you please let us know."

This shows that plaintiff was interested in having the contract performed either by the vendor or the plaintiff. Notwithstanding this, and knowledge that it was not doing the work intended, it did not instruct the purchaser to return it or furnish a complete new machine or return the money received on it. Because of its refusal to do so it cannot take advantage of its own omission to act as contemplated by the guaranty. It cannot profit by its own failure to act.

Plaintiff contends that it is a holder in due course of the notes in litigation. I do not so find. I base this conclusion upon the fact that the delivery of the notes, contract and guaranty constituted a single transaction of which plaintiff had full knowledge and knew that the notes were secured by the contract which constituted a lien upon the milking machine. (*Securities Investment Company* v. *Maxwell*, 131 Misc. 160; affd., 224 App. Div. 872.)

The issues having been taken from the jury and submitted to the court for determination I find a verdict in favor of the defendant of no cause of action.

Let judgment be entered accordingly.