SAMUEL GREENBLATT, Respondent, *v.* ABRAHAM MILLER, Defendant, Impleaded with LOUIS SILVERMAN, Appellant.

First Department, June 24, 1938.

*Maurice Abrams,* for the appellant.

*Louis Nomerofsky* of counsel [*Pollack & Schnitzer,* attorneys], for the respondent.

CALLAHAN, J. Plaintiff sues as an alleged holder in due course of a promissory note, dated July 10, 1937, and payable on demand to the order of Abraham Miller.

The moving affidavit on the motion of plaintiff for summary judgment alleges that between July 22 and July 24, 1937, the payee, Abraham Miller, for a valuable consideration indorsed and delivered the note to plaintiff. Presentation and non-payment are alleged. No other facts are set forth verifying plaintiff's cause of action.

The defendant Silverman's answer pleads the Statute of Limitations. In support of that defense defendant alleges in his answering affidavit that, during the year 1928, he was a member of a business partnership which borrowed money from Abraham Miller; that Miller requested defendant to sign a note and defendant at that time signed a blank note, containing nothing but the amount thereof, which he gave to Miller. The next defendant heard of the note was when he was served with the summons and complaint herein. Defendant sets forth that he examined the original note since the commencement of this action; that the paper is yellow with age; that it is filled in in three different handwritings; that the date July 10, 1937, is a different ink from the body of the note; that he had not seen Miller for over eight years; that he never heard of the address at which the note was made payable; that all notes made in connection with his business had been made payable at a bank.

No reply affidavits were served by plaintiff.

The court below, after examining the note, stated that it appeared regular on its face, and granted summary judgment for plaintiff, on the theory that, as there was no proof that plaintiff was not a holder in due course, the note was valid and effectual for all purposes in plaintiff's hands.

Section 33 of the Negotiable Instruments Law provides that the holder of a note which is wanting in any material particular has *prima facie* authority to complete it by filling up the blanks therein. In order that such instrument, when complete, may be enforced against any person who became a party thereto prior to its completion, it must be filled up strictly in accordance with the authority given, and within a reasonable time. But, if such instrument, after completion, is negotiated to a holder in due course, it is valid and effectual for all purposes in his hands, and he may enforce it as if it had been filled up strictly in accordance with the authority given, and within a reasonable time.

If the facts alleged by the defendant are true, the note in suit was delivered to the payee in 1928. The date of the making of the note and its due date were blank. The person to whom it was delivered had the right, therefore, to fill in any date he saw fit, provided it was so filled in within a reasonable time. The present note being dated July 10, 1937, there is an inference that it was filled in on that date, or at a time nine years after delivery of the blank note. This was more than a reasonable time from the date of delivery. (*Madden* v. *Gaston*, 137 App. Div. 294.) If, however, plaintiff is a holder in due course, the note is effectual though filled in after a reasonable time had elapsed.

The question presented is whether there is a triable issue upon the present record as to whether plaintiff is a holder in due course. He is presumed to be such (Neg. Inst. Law, § 98), but, if it can be shown that the title of any person who has negotiated the note is defective, the burden is on the plaintiff as the holder to prove that he acquired the instrument in due course.

The title of a person who negotiates an instrument is defective when he negotiates it in breach of faith. (Neg. Inst. Law, § 94.) There is *prima facie* evidence that Miller negotiated the instrument to plaintiff after the lapse of nine years, and that his agency to fill in the note had expired long before that by reason of the limitation of the statute.

Plaintiff proceeds on an unverified complaint. He gives no facts whatever to show the circumstances under which he took the paper, or what the consideration was that he paid for it. He makes no denials of the facts set forth in defendant's answer. We think that, under the circumstances, there is a triable issue as to whether Miller negotiated the note in breach of faith. and whether plaintiff is a holder in due course. (See *Karpas* v. *Bandler*, 218 App. Div. 418.)

The judgment and order should be reversed, with costs, and the motion denied.

O'MALLEY, UNTERMYER, DORE and COHN, JJ., concur.

Judgment and order unanimously reversed, with costs, and motion denied.