LEAH BOLOTOFF et al., Appellants, v. SONOTONE CORPORATION, Respondent.— Action to recover damages for personal injuries suffered by plaintiff wife, and companion action by plaintiff husband for loss of services. Order granting in part and denying in part plaintiffs' motion for an examination of the defendant by a named employee under a commission, upon written interrogatories, modified on the facts by inserting in the first ordering paragraph item 5. As thus modified, the order, insofar as appealed from, is affirmed, without costs. Item 5 was not opposed by the defendant and was proper in form. (*Scheurenbrand* v. *Ferrizz*, 262 App. Div. 1035; *Foley* v. *Long Island R. R. Co.*, 242 App. Div. 780.) Its omission may have been due to inadvertence and could have been the subject of remedy by a motion for resettlement of the order. Lewis, P. J., Carswell, Johnston and Adel, JJ., concur; Wenzel, J., not voting.

BERTHA A. EHRMANN, Respondent, v. CITY OF NEW YORK, Appellant.— In an action to recover damages for personal injuries sustained in falling over an upheaved portion of sidewalk, judgment in favor of plaintiff affirmed, with costs. No opinion. Lewis, P. J., Carswell, Adel and Sneed, JJ., concur; Wenzel, J., dissents and votes to reverse the judgment and to dismiss the complaint, with the following memorandum: The accident, which happened on September 23, 1944, was one of the sequelæ of the hurricane of September 14, 1944. In the nine days between the storm and the happening of the accident the city used all the facilities of the park department, highway department, and emergency squad of the police department to remedy the havoc of the unprecedented storm. It had its regular functions to carry on, but I think the record shows that the city did what could be done within practical limitations. It is suggested that the city might have placed a lantern as a warning of the defect in the sidewalk. The storm which felled the tree, causing this condition, also brought down miles of electric wiring and left this and many other streets in darkness. Oil lanterns are an anachronism in this age and, while the city has and uses some to mark highway repairs and construction, I do not consider it reasonable to expect it to conjure up the number it would have taken to mark every dangerous spot in the city. There were 13,500 trees down on the streets of Queens County alone. The city is required to use reasonable dispatch in the repair of a dangerous condition of which it has notice. It did so.

STUART P. FISCHER, Appellant, v. JOSEPH M. PLUM, Respondent.— Order denying plaintiff's motion for summary judgment reversed on the law and the facts, with $10 costs and disbursements, and the motion granted, with $10 costs. Defendant did not show by evidentiary facts that plaintiff had any knowledge of the alleged false and fraudulent representations made by the payee of the note, from whom plaintiff obtained it for value, before maturity and in good faith and, therefore, did not establish a triable issue with respect to whether or not plaintiff was a holder in due course. (*Rogers* v. *Reynolds*, 226 App. Div. 813.) Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ., concur.