PENNSYLVANIA EXCHANGE BANK, Respondent, *v.* KENMORE FURNITURE CO., INC., Appellant.

VAN VOORHIS, J. (dissenting). Plaintiff ought not to have been awarded summary judgment. The transaction in suit had its origin in a conditional sale to defendant of an air-conditioning system by Thermotemp Equipment Corp. for $3,825, payable by a down payment of $250 and the balance in installments of $150 per month. This contract was assigned by Thermotemp to plaintiff, together with the promissory note which was given by defendant as evidence of the indebtedness.

The air-conditioning system which Thermotemp installed has never operated. The affidavit of defendant's president states that additional parts were needed from the beginning, which had never been supplied by Thermotemp. Thermotemp went out of business soon afterward. Sufficient facts appear from the answering affidavit to create a triable issue concerning the good faith of Thermotemp in making this installation, which was done under an express warranty that the air-conditioning system was in good condition in all respects, properly installed and constructed, and that it would serve the purpose for which it was sold. Defendant paid the contract installments for two months in reliance upon Thermotemp's faithless promises that the installation of the system would be completed and that it would be made to work.

When it became apparent that defendant had bought a useless thing, and prior to the commencement of this action, defendant sued Thermotemp in the Municipal Court alleging that the contract of sale had been rescinded and demanding the return of the portion of the purchase price theretofore paid. Issue was joined by the service of an answer by Thermotemp. Defendant obtained judgment by default at the trial. It has thus been adjudicated between defendant and Thermotemp that this air-conditioning system belongs to Thermotemp, and that defendant is entitled to recover the payments that have been made and is not liable for the balance. Being based on rescission, this judgment determines that facts existed at the time of the sale which vitiated it.

Plaintiff, to be sure, was not a party to the action in the Municipal Court. Nevertheless, plaintiff is not entitled to summary judgment herein, thus denying to defendant the opportunity to establish the same facts against plaintiff which formed the basis for the judgment in the Municipal Court, if such facts would create a triable issue concerning defendant's liability to plaintiff. Defendant would have been granted relief by way of rescission against Thermotemp, only on the basis that the three installments which defendant paid on the conditional sale contract were paid under the misapprehension that the

equipment which defendant had bought could be and would be completed and made to function. Defendant is being placed in the anomalous position of being obliged, without a trial, to pay to plaintiff the balance of the purchase price for property which has been judicially determined not to belong to it in an action between the original parties.

The law, of course, protects holders in due course of commercial paper, but granting summary judgment on these affidavits goes beyond anything in the cited cases. *Second Nat. Bank* v. *Weston* (172 N. Y. 250), following *Hull* v. *Littauer* (162 N. Y. 569, 572), held after trial that a verdict should be directed on the law in favor of a bank on negotiable paper which it had discounted before maturity, notwithstanding that its cashier, who testified to the circumstances under which the commercial paper had been taken by the bank, was an interested witness. After the cashier had been cross-examined, the Court of Appeals said that there was nothing in his testimony which was surprising or suspicious, opposed to the probabilities nor contradicted by other evidence or inferences from the evidence, and that there was no reason for denying to it conclusiveness. Other leading cases have held on slightly different facts that the credibility of such witnesses is for the jury (cf. *Canajoharie Nat. Bank* v. *Diefendorf,* 123 N. Y. 191). But assuming *arguendo* that the rule in *Second Nat. Bank* v. *Weston* (*supra*), which appears to be as far as the courts have gone, applies to the facts in this case, the order and judgment appealed from should still be reversed, since they deny to defendant opportunity to cross-examine plaintiff's witnesses in order to ascertain whether the circumstances under which this plaintiff took the paper were surprising or suspicious, or opposed to the probabilities. Cross-examination is the more important where, as here, the circumstances are almost entirely within the knowledge of an adverse party. In fact, the direct issue is what knowledge did the adverse party have.

The rule has long been established that where fraud or bad faith are shown in the transaction between the original parties, the burden rests upon one claiming to be a holder in due course to show affirmatively that he acquired the instrument without notice of its infirmity (Negotiable Instruments Law, §§ 94, 98; *New York Bankers* v. *Duncan,* 257 N. Y. 160, 165; *American Exch. Nat. Bank.* v. *New York Belting & Packing Co.,* 148 N. Y. 698; *Greenblatt* v. *Miller,* 255 App. Div. 18). This instrument was negotiated by Thermotemp in breach of faith, if defendant's affidavits are true. The undisputed evidence now before the court shows that this air-conditioning system was worth $2,000 less than the cash selling price of $3,500 at the time when it was installed. It is evidence of bad faith that Thermotemp installed an apparatus which had only salvage value to the vendee.

Plaintiff had notice that the promissory note on which it sues was given as an expression of an indebtedness arising from a conditional sale contract (*Securities Investment Co.* v. *Maxwell,* 131 Misc. 160, affd. 224 App. Div. 872; *Colonial Discount Co.* v. *Rumens,* 249 App. Div. 736). In taking the assignment, plaintiff required Thermotemp to warrant that it had a bona fide contract with defendant, that the sale evidenced thereby had been effected in accordance with law, and, among other matters, that the goods had been delivered to and accepted by the buyer. Paragraph 6 of the contract, on which plaintiff relies, might avail plaintiff, if defendant's defense against a claim for the purchase price by Thermotemp were to be based upon some failure of the latter to perform which took place after the note and contract had been transferred

to plaintiff. Plaintiff virtually concedes the validity of this distinction, citing the case of *Petroleum Acceptance Corp.* v. *Queen Anne Laundry Service* (38 N. Y. S. 2d 675, affd. 265 App. Div. 692), which was based on it. The result is different if the breach has occurred before the assignment, and has been knowingly and willfully perpetrated by the assignor upon the defendant. It would hardly be contended that the assignee could recover by virtue of such a clause if, for example, the conditional sale contract were fictitious, or if possession of the goods had not been received by the conditional vendee.

Upon this appeal we must take the facts in the most favorable light to defendant. If defendant's affidavits be true, the present situation is scarcely more favorable to plaintiff than if delivery had not been made. The subject of the conditional sale was a complicated electrical apparatus, defendant was lulled into a sense of security for several months by Thermotemp's promises, after which it discovered that what had been delivered to it was worth only 40% of the cash contract price in the condition in which it had been received, and that the seller had gone out of business. The inference is that Thermotemp was failing, and was ready to palm off anything on defendant to make the most of a sinking venture. This was enough to call upon plaintiff to go forward with the evidence. Defendant was at least entitled to cross-examine its witnesses in an attempt to verify how much the bank knew about the affairs of Thermotemp which it was financing.

Paragraph 6 in this contract may have some force in relieving an assignee of the effects of a breach of contract by the assignor occurring subsequent to its assignment (cf. *President & Directors of Manhattan Co.* v. *Monogram Associates*, 87 N. Y. S. 2d 753, mod. 276 App. Div. 766; *National City Bank* v. *Prospect Syndicate*, 170 Misc. 611; 2 Williston on Contracts [Rev. ed.], § 432), but it was not designed to cover a contract which has been broken before being assigned. If the clause were applicable to the state of facts adduced here by defendant, it would have the effect of precluding rescission based on facts in existence at the time of the conditional sale, even if plaintiff had notice of them. That cannot have been the intention of the contracting parties. Clauses in contracts are not favored which merely purport to change what would otherwise be the operation of law.

It may well be that plaintiff was innocent of notice of these transactions when this note was discounted. The fact that it did not require from defendant a certificate of completion of the work may be evidence of negligence, which does not by itself establish notice of an infirmity. The circumstance that the Federal Housing Expediter required such certificates as standard practice in making loans under the National Housing Act, does not establish a legal requirement to have done so here. On the other hand, if it was common practice to do so, plaintiff's omission to obtain such an estoppel bears upon defendant's right to a trial of the issue of whether plaintiff is a holder in due course. At this stage it cannot be known whether plaintiff will become entitled to a directed verdict at a trial, but that would be different from summary judgment which should not be allowed under these circumstances.

The order and judgment appealed from should be reversed, with costs, and plaintiff's motion for summary judgment should be denied.

Cohn, J. P., Callahan, Shientag and Foster, JJ., concur in decision; Van Voorhis, J., dissents and votes to reverse and deny the motion, in opinion.

Judgment and order affirmed, with costs. No opinion.