Walter R Hart, J.
This action was brought to recover the sum of $4,500, the face amount of a check dated September 7, 1956, payable to the order of plaintiff, drawn by defendant on the Suffolk County National Bank, payment of which was stopped on September 17, 1956. From the testimony adduced at the trial and from the concessions on the record made by the parties the following facts are established:
Defendant’s husband, Dr. George Goode, on June 15, 1956 entered into a contract with Redkell Associate Builders, Inc. for the construction of an animal hospital for the agreed price of $59,050. On or about August 29, 1956, after some of the work was performed by Redkell, the latter executed an assignment to plaintiff of $4,500 out of first moneys due under the contract and represented therein that on September 1, 1956 there would be due and payable under the agreement with Dr. Goode at least $4,500. Relying on the assignment plaintiff advanced moneys to Redkell and filed a copy of the assignment with Dr. Goode. Thereafter on September 7 defendant executed the check in suit payable to the order of the plaintiff and on or about September 11, 1956 caused the check to be forwarded to Redkell with instructions to indorse thereon ‘6 payment approved.” The check was thereafter transmitted bv Redkell to plaintiff, who received it by mail on or about September 18,1956 and deposited it the same day. In the meantime on September 14, 1956 Redkell breached its contract with Dr. Goode by abandoning the work and refusing to perform *974 the contract, thereby causing damages to Dr. Groode. In addition, when the check was issued there were unpaid claims due and owing for labor and material furnished to Bedkell in an amount in excess of $4,500.
Upon the trial it was further stipulated that plaintiff at the time of the receipt of the check had no knowledge of the breach of the contract by Bedkell and it was agreed that if the court found as a matter of law, on the facts, that plaintiff was a holder in due course within the meaning of the Negotiable Instruments Law, plaintiff’s recovery would be limited to the sum of $2,255.10.
The first problem posed by the facts is whether a payee of a negotiable instrument can possibly be a holder in due course. On this issue there is a marked conflict of opinion. (Brannan on Negotiable Instruments [6th ed.], pp. 543-557,; 2 Daniels on Negotiable Instruments [7th ed.], § 884; 10 C. J. S., Bills and Notes, § 305.) The protagonists of the point of view that a payee cannot possibly be a holder in due course under any circumstances advert to the fact that to be one he must (Negotiable Instruments Law, § 91): “ 4 * * * at the time it was negotiated to him * * * had no notice of any infirmity in the instrument or defect in the title of a person negotiating it ” (italics supplied). It has been urged that since section 60 of the Negotiable Instruments Law defines the term “negotiated ” as the delivery of a bearer instrument, or the indorsement and delivery of an “ order ” instrument, the payee of an instrument cannot be a holder in due course. This is the basis for the interpretation of the English Bills of Exchange Act in Lewis v. Clay (67 L. J. ([N. S.]) Q. B. 224), which states: “ ‘ a holder in due course,’ is a person to whom, after its completion by and as between the immediate parties, the bill or note has been negotiated. In the present case the plaintiff is named as payee on the face of the promissory note, and therefore is one of the immediate parties. The promissory notes [by the person named as payee therein] have, in fact, never been negotiated within the.meaning of the Act.” (See, also, Vander Ploeg v. Van Zuuk, 135 Iowa 350; Long v. Shafer, 185 Mo. App. 641.)
Though the law of New York has not been definitively settled by the Court of Appeals, the better view is that under circumstances such as those appearing in the case at bar plaintiff may be a holder in due course. An excellent collation of authorities and exposition of the law is found in Brown v. Brown (91 Misc. 220). In that case defendant made a negotiable promissory note payable to the order of plaintiff, a *975 creditor of a party with whom defendant had an agreement which was breached and the consideration failed. The court found that plaintiff was a holder in clue course for value; that the pre-existing debt was. sufficient consideration to constitute value within the meaning of section 51 of the Negotiable Instruments Law. Other New York cases are First Nat. Bank & Trust Co. v. Conzo (169 Misc. 268); see, also, dictum in Empire Trust Co. v. Manhattan Co. (97 Misc. 694, 700) and in Miller v. Campbell (173 App. Div. 821, 824, affd. 223 N. Y. 728).
It is contended by defendant that plaintiff is not a holder in due course since it had knowledge that it was in part payment of defendant’s contract with Redkell and because the contract was breached before the check was delivered to it. It was, however, conceded by defendant that plaintiff did not know of the breach of the contract at the time the check was delivered. It cannot be said, therefore, that when the check was received plaintiff had “ notice of any infirmity in the instrument.” The law on this subject is succinctly stated in Petroleum Acceptance Corp. v. Queen Ann Laundry Service (265 App. Div. 692, 693-694): “Where the holder in due course of a note has knowledge that the basic contract contemplates that there is to be no payment unless the contract be performed, that knowledge does not preclude enforcement of the note even though there be a breach of the basic contract after the holder acquires the note. (Tradesmen’s Nat. Bank v. Curtis, supra; National Bank of Watervliet v. Martin, 203 App. Div. 390, affd. 235 N. Y. 611.) ” Speaking of the knowledge of the basic transaction which one acquires when in accepting a negotiable instrument for value he takes as collateral security an assignment of a contract or other instrument connected with the basic transaction, the Appellate Division in the Petroleum Acceptance case (supra, p. 694) stated: “ he acquires no greater knowledge respecting the terms thereof than he would acquire if the instrument were merely exhibited to him at the time the note was discounted. The knowledge he acquires is the same in both instances — no more, no less. In each instance, he is apprised that there may be a breach of the contract in the future, but that knowledge does not preclude his becoming a holder of a note in due course. (Tradesmen’s Nat. Bank v. Curtis, supra; National Bank of Watervliet v. Martin, supra; Colonial Discount Co. Inc. v. Goodfriend, supra [226 App. Div. 764].) ” See, also, Pennsylvania Exch. Bank v. Kenmore Furniture Co. (279 App. Div. 899); Fischer v. Plum (273 App. Div. 818); Rogers v. Reynolds (226 App. Div. 813).
*976 Defendant also contends that plaintiff was under a duty of diligence and vigilance at the timé of the acceptance of the check to determine whether the contract had been breached. There is no merit to this contention. The law is fully summed up in Manufacturers & Traders Trust Co. v. Sapowitch (296 N. Y. 226, 230) as follows: ‘‘ One who purchases commercial paper for full value before maturity, without notice of any equities between the original parties, or of any defect of title, is to be deemed a bona fide holder. He is not bound at his peril to be upon the alert for circumstances which might possibly excite the suspicions of wary vigilance. He does not owe to the party who puts negotiable paper afloat the duty of active inquiry, to avert the imputation of bad faith. The rights of the holder are to be determined by the simple test of honesty and good faith, and not by speculations in regard to the purchaser’s diligence or negligence. (Magee v. Badger, 34 N. Y. 247, 249.) These principles have often been restated in varying forms and have never been questioned in the decisions of this court. [Cases cited.] Nor are the rights of a purchaser to be affected by constructive notice, unless it clearly appear that the inquiry suggested by the facts disclosed at the time of the purchase would if fairly pursued result in the discovery of the defect existing but hidden at the time (Birdsall v. Russell, 29 N. Y. 220, 250).”
Defendant finally contends that plaintiff is not a holder in due course because an unreasonable length of time . elapsed between the issue of the check and its negotiation (Negotiable Instruments Law, § 92). Under the circumstances here present the mailing of the check to Bedkell on September 11 and the subsequent delivery by mail and receipt by him on September 18 warrants a finding by the court as a matter of law and as a fact that an unreasonable length of time did not elapse between the issuance and negotiation of the check.
The court concludes that plaintiff is the holder in due course for value and is entitled to judgment in the sum of $2,255.10, with interest from September 18, 1956. Ten days’ stay, 60 days for a case.