## FERDINAND MUNCH BREWERY v. DE MATTEIS.

(Supreme Court, Appellate Division, Second Department. November 20, 1908.)

1. EVIDENCE (§ 441*)—PAROL EVIDENCE VARYING WRITTEN INSTRUMENT.

In an action on a note given for money advanced to pay for a liquor license issued to defendant, evidence of an oral agreement made before the note was executed that defendant need only pay a certain sum weekly so long as he remained in business, and purchased beer of plaintiff, was incompetent to vary the terms of the note.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2043; Dec. Dig. § 441.*]

2. BILLS AND NOTES (§ 527*)—ACTIONS—DEFENSES—EVIDENCE.

In an action on a note given for money advanced to pay for a liquor license issued to defendant, testimony of defendant that the arrangement for taking out the license was made with plaintiff's collector, who informed defendant that, if he should discontinue taking beer from plaintiff and should close out, he would not have to pay any more license, did not show an agreement that the note should be deemed paid on defendant's discontinuing business.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1847–1855; Dec. Dig. § 527.*]

Appeal from Municipal Court, Borough of Brooklyn, Second District.

Action by the Ferdinand Munch Brewery against Agostino De Matteis. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

David H. Solotaroff, for appellant.
John H. Steenwerth, for respondent.

MILLER, J. This action was brought to recover a balance due on a promissory note, the consideration for which was money advanced by the plaintiff to pay for a liquor tax certificate taken out by and in the name of the defendant. The defense pleaded was an oral agreement, made before the making and delivery of the note, that the defendant should only be required to pay the sum of $18.75 per week so long as he remained in business and purchased beer of the plaintiff.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The evidence of the verbal agreement was not competent to contradict or vary the terms of the written instrument. Jamestown Business College Association v. Allen, 172 N. Y. 291, 64 N. E. 952, 92 Am. St. Rep. 740. However, it was received without objection, and we will consider its effect. The defendant testified that the arrangement for taking out the license was made with the plaintiff's collector, who informed the defendant that, if he should discontinue taking beer and should close out, he would not have to pay any more license, but that did not amount to an agreement that the note should be considered paid upon the defendant's discontinuing business. Said statement was not inconsistent with a continuing obligation on the part of the plaintiff to pay any unpaid balance on the note. Upon discontinuing business, the defendant might have obtained a rebate for the enexpired term. It appears, however, that he was convicted of a violation of the liquor tax law (Laws 1896, p. 45, c. 1121, amended by Laws 1897, p. 207, c. 312), thereby forfeiting the rebate to which he would otherwise have been entitled. The conversation testified to did not establish an agreement that the note, which was subsequently given, should be deemed paid upon the defendant's discontinuing business, even had it been competent thus to vary the terms of the written instrument, and it was error to dismiss the complaint.

The judgment should be reversed.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event. All concur.