BROAD AND LACKAWANNA REALTY COMPANY, Respondent, *v.* EDWARD N. BREITUNG et al., Copartners under the Firm Name of E. N. BREITUNG & Co., et al., Appellants.

**Bills, notes and checks — negotiable instruments — when sale of promissory notes by broker invalid — when assignees of such notes from purchasers thereof not innocent purchasers for value.**

Defendants made three promissory notes payable to their own order and delivered them to a note broker who sold them for about one-quarter of their face value to four persons who formed a corporation, the plaintiff herein, and transferred the notes thereto receiving

stock of the corporation of a par value equal to the face value of the notes. In suit brought by plaintiff upon one of these notes the defendant's evidence, which must be assumed as true, shows that the notes were delivered to the broker to enable him to negotiate for their sale to prospective purchasers who were to be put in touch with defendants to close the negotiations; that the broker sold the notes without any notice and that defendants never received any of the proceeds thereof. A verdict was directed for plaintiff. The notes were delivered to the broker subject to a condition precedent and consequently had no valid inception. The inadequate consideration paid for the notes by the purchasers thereof who transferred them to plaintiff corporation of which they were the sole incorporators and directors, raises the question whether the purchasers were in fact innocent. It is immaterial that the defendants admit that they promised the broker to tell prospective purchasers that the notes were valid or that they signed a letter asserting their validity. Since there is no evidence that the purchasers ever made inquiries of the defendants or that they relied on their written representation, plaintiff cannot recover.

*Broad & Lackawanna Realty Co.* v. *Breitung*, 207 App. Div. 810, reversed.

(Submitted October 22, 1924; decided November 25, 1924.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 12, 1923, unanimously affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

*Otto Sommerich* and *James M. Snee* for appellants. Plaintiff's assignors having purchased $27,000 worth of notes, including the note sued on, for not more than $6,850 and the diversion of the notes having been proved, it was error to deny defendants' request to have the jury determine whether or not the plaintiff's assignors were purchasers in good faith. (*Canajoharie Nat. Bank* v. *Diefendorf*, 123 N. Y. 191; *Becker* v. *Hart*, 135 App. Div. 785; *Second Nat. Bank* v. *Weston*, 172 N. Y. 250; *Vosburgh* v. *Diefendorf*, 119 N. Y. 257; *Vogel* v. *Pyne*, 197 App. Div. 633.) Defendants were not estopped from

showing the real facts and having the question of plaintiff's good faith submitted to the jury. (*Jacobus v. Jamestown Mantel Co.*, 211 N. Y. 154; *Frankla v. McLean*, 18 Misc. Rep. 221; *Forster v. Wilshusen*, 14 Misc. Rep. 520; *Smith v. Countryman*, 30 N. Y. 655; *White v. Dodds*, 42 Barb. 554; *Ely v. Padden*, 13 N. Y. S. R. 53; *Thorn v. Helmer*, 2 Keyes, 27; *Frank, Strauss & Co. v. Welsbach Gas Lamp Co.*, 42 Misc. Rep. 184; *Real Estate Trust Co. v. Segreave*, 49 How. Pr. 489; *Graves v. Lovell*, 6 J. & S. 154; *Verity v. Sternberger*, 62 App. Div. 112; 172 N. Y. 633.)

*Samuel R. Golding* for respondent. The defendants created the notes in order to work a fraud upon the public and they practiced commercial intrigue and trickery in the manner in which they proceeded to launch and negotiate the notes. (*Rothschild v. Title G. & T. Co.*, 204 N. Y. 458; *Boardman v. L. S. & M. Ry. Co.*, 84 N. Y. 157; *Continental Nat. Bank v. Nat. Bank*, 50 N. Y. 575.) By representations made by defendants in writing and by word of mouth, the defendants are estopped from asserting that the note in suit was invalid or subject to any defense. (*Fleischmann v. Stern*, 90 N. Y. 110; *Verity v. Sternberger*, 62 App. Div. 112; 172 N. Y. 633; *Johannessen v. Munroe*, 32 N. Y. Supp. 863; *Hungerford v. Brigham*, 95 N. Y. Supp. 867.)

LEHMAN, J. The defendants, in October, 1921, signed three notes, aggregating $27,000, to their own order payable six months thereafter. They handed these notes to a note broker who sold them for the sum of $6,850 to four persons who immediately thereafter formed the plaintiff corporation and transferred the notes to that corporation, receiving therefor stock of the par value of $27,000.

In the present action which has been brought upon one of these notes for the sum of $10,000, the defendants

pleaded that the notes were never delivered and at the trial produced evidence to show that these notes were given to the note broker merely to enable the broker to open negotiations for their sale with prospective purchasers; that such prospective purchasers were then to be put in touch with the defendants in order to enable them to close the negotiations; that the broker sold the notes without any notice to the defendants of intention to make such sale and that the defendants never received any of the proceeds thereof. At the close of the defendants' evidence the trial justice directed a verdict in favor of the plaintiff.

Upon this appeal we must assume that the evidence produced by the defendants is true. If this evidence is true it establishes that the notes were delivered to the note broker subject to a condition precedent which was never complied with and that the notes consequently had no valid inception. Since the defendants chose for their own purposes to intrust the broker with possession of and apparent right to transfer negotiable instruments which were apparently valid, they cannot escape liability if the notes were thereafter transferred to an innocent purchaser for value; but the inadequate consideration paid by the purchasers of the notes in this case raises a question whether the purchasers were in fact innocent. These purchasers were the sole incorporators and the sole directors named in the plaintiff's certificate of incorporation and the plaintiff is chargeable with any notice the purchasers may have had. The plaintiff's position is not helped by the circumstance that the defendants admit that they promised the broker to tell prospective purchasers, who might inquire about the notes, that they were valid or by the fact that the defendants signed a letter asserting the validity of the notes. Representations made by the defendant which were brought to the attention of the purchasers might have some bearing on the question of the purchasers' good faith and if acted

upon by the purchasers, might even create an estoppel, but in the present case there is no evidence that the pur-. chasers ever made inquiries of the defendants as to the validity of the note or that they purchased the notes in reliance on the defendants' written representations. The testimony in this case establishes that the plaintiff's assignors purchased notes which had no previous legal inception for one-quarter of their face value from a party who was not the owner and who had apparent but not actual right to transfer the notes and upon that testimony it was error to direct a verdict.

The judgments should be reversed and a new trial ordered, with costs to abide the event.

HISCOCK, Ch. J., CARDOZO, POUND, McLAUGHLIN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.