EMANUEL GUTTMAN, Respondent, *v.* WHITEHALL IMPROVEMENT CORPORATION, Appellant.

First Department, April 21, 1953.

*Harry Rodwin* of counsel (*Bernard Katz* and *Marvin L. Olshan* with him on the brief; *Goldwater & Flynn,* attorneys), for appellant.

*George Damashek* of counsel (*Seckel, Storper, Damashek & Cohn,* attorneys), for respondent.

CALLAHAN, J.  Transit Packaging & Warehousing Corporation, a tenant of the defendant, owed $950.37 for rent and electricity.  On February 8, 1950, Transit gave the defendant a check duly indorsed, which Transit had received from its customer, Aluminum Corporation of Canada.  The check was drawn in the sum of $975, and the defendant returned the difference of $24.63 to Transit in cash.  The check was paid to the defendant in due course.  Some time later the plaintiff brought this action to establish that the defendant held the moneys received on the check in trust for the plaintiff.

The plaintiff has been awarded summary judgment for $975, plus interest.  We think that this was error.

The plaintiff was the assignee of accounts receivable of Transit, including the indebtedness of $975 owing by Aluminum to the assignor.  No notice of the assignment, however, had ever been given to either Aluminum or the defendant.  The assignee permitted the assignor to collect the assigned accounts in its own name and as agent on behalf of the assignee.

The Special Term ruled that the defendant got title to the check, but held that as the check was the means of diverting moneys belonging to the plaintiff, the proceeds of the check could not be retained by the defendant as against the plaintiff, who was the true owner and not a party to the check.

We find, however, that the defendant took the check under circumstances making it a holder in due course, and that it should not be deprived of the rights conferred upon such holder by the Negotiable Instruments Law.  Further, the plaintiff as assignee of Transit's accounts receivable was not in a position to cut off the defendant's rights.  The plaintiff failed to give notice

of the assignment and permitted the assignor to collect the Aluminum account as his agent. In the circumstances of this case the defendant as a bona fide purchaser of the check acquired good title to the instrument from the agent even as against the true owner (*Broad & Lackawanna Realty Co.* v. *Breitung,* 239 N. Y. 154; *Wilson* v. *Rocke,* 58 N. Y. 642). A check has no value except in terms of its proceeds, and to hold that the defendant had title to the check, but not to its proceeds, would impair, if not destroy, the benefits of negotiability. The defendant did not receive a mere assignment of moneys belonging to the plaintiff, but a negotiable instrument with the right of a holder in due course.

The judgment appealed from should be reversed, with costs and disbursements, the plaintiff's motion for summary judgment denied and the motion of the defendant for summary judgment in its favor granted.

COHN, J. P., VAN VOORHIS and BREITEL, JJ., concur.

Judgment unanimously reversed, with costs to the appellant, plaintiff's motion for summary judgment denied and defendant's motion for summary judgment in its favor granted. [See 282 App. Div. 760.]