Mario Pittoni, J.
The plaintiff moves, pursuant to rules 104, 109 and 113 of the Rules of Civil Practice, for an order striking out the answer of the defendant, Daniel J. O’Reilly, and for summary judgment against him.
*343 1. The motion under rule 104 to strike the answer as sham and frivolous is denied.
Such a motion may be granted only if the whole answer is defective. A motion addressed to only part of the answer must be under rule 103 as a corrective motion, and not as a motion for judgment (5 Carmody-W ait, New York Practice, § 60, p. 87).
This answer contains at least one denial that is not frivolous on its face and has not been proved to be false in fact, i.e., the denial of the allegations of paragraphs 8 and 9 of the complaint that the reasonable attorney’s fees are $3,000.
Also the denial of paragraph 3, that the defendant on or about November 28, 1958 indorsed for value, is not frivolous on its face. Nor does the affidavit of Robert Rennie show it to be false in fact; it is not based on his own personal knowledge. Nor does the notation on the “ purpose statement ” prove this;, it does not even refer to a note.
The burden of proving the falsity of the answer is on the plaintiff (Municipal Bank v. Parkway Walk Constr. Corp., 224 App. Div. 864; 5 Carmody-Wait, New York Practice, § 63, pp. 91-92), and it has not sustained that burden. Furthermore, a motion under rule 104 is not favored (Riverside Chem. Co. v. City of Niagara Falls, 269 App. Div. 810).
2. The motion under rule 109 is granted as to the first and second affirmative defenses, but denied as to the third.
(a) The first affirmative defense is legally insufficient because an accommodation party is one who has signed as indorser, without receiving value therefor, and for the purpose of lending his name to some other person. He is liable to a holder for value, notwithstanding that at the time of taking the instrument such holder knew him to be only an accommodation maker (Negotiable Instruments Law, § 55).
(b) The second affirmative defense is also legally insufficient. The defendant admits indorsing the note, but claims that the plaintiff agreed to exhaust its remedies against the maker and has not done so. The parol evidence rule prevents the showing of such an agreement. The defendant is an indorser on a promissory note, and he is also a guarantor of payment by virtue of the language of the indorsement. Thus the obligation assumed by the terms of the note contains no condition precedent requiring exhaustion of remedies against the maker; and the delivery of the note was not conditional on the happening of some event before it was to become a binding obligation. Under the circumstances, evidence of any such verbal agreement as alleged would contradict and vary the terms of the *344 written instrument (Munch Brewery v. De Matteis, 128 App. Div. 830). Here, however, delivery was unconditional, and the defendant’s obligation sought to be annulled seems to he on a subsequent contingency. Again this goes contrary to the parol evidence rule and the contract is enforcible (Jamestown Business Coll. v. Allen, 172 N. Y. 291). Even if the oral agreement is viewed as a condition precedent rather than subsequent it could not be properly proved; it is inconsistent with the written provisions of the contract (Fadex Foreign Trading Corp. v. Crown Steel Corp., 272 App. Div. 273, affd. 297 N. Y. 903; Richardson, Evidence [8th ed., Prince], § 589).
The claim that there is now due and to become due certain moneys from the maker to the plaintiff is irrelevant.
(c) The third affirmative defense, however, is legally sufficient. If the allegations are true, and the defendant did not indorse on or about May 28, 1958, but did so after the plaintiff parted with the consideration to the maker, there would he no consideration to uphold the defendant’s obligation. When a contract of guaranty is entered concurrently with the principal obligation a consideration which supports the principal contract supports the subsidiary one also (Erie County Sav. Bank v. Coit, 104 N. Y. 532); and an accommodation indorsement is gratuitous, unless the maker obtained the money from the payee on the faith of his promise to obtain later an indorser (McNaught v. McClaughry, 42 N. Y. 22). Thus, the third affirmative defense is sufficient on its face.
3. The motion under rule 113 for summary judgment is denied.
There is an issue of fact as to the amount of recovery, i.e., the amount owed to the plaintiff as reasonable counsel fees. A hearing would be needed on this issue even if the motion were granted.
Rule 113 requires the moving affidavit to be by a person with personal knowledge of the facts. The affidavit of Charles R. Van de Walle, the plaintiff’s attorney, does not recite all the material facts of the transaction as required by rule 113. The affidavit of Robert W. Rennie, an officer of the plaintiff, seems sufficient and states that he is personally familiar with the facts. However, the defendant’s affidavit states that Mr. Rennie was never involved in the negotiations leading to the note, and that the defendant’s only dealings were with a Mr. George Dean. If this be so, Mr. Rennie’s statement that the defendant indorsed on May 28,1958 would be based on hearsay statements made to him by another. Rule 113 contemplates that the affidavits state evidentiary facts; and that mere hearsay statements that would *345 not be allowable as evidence at the trial are not sufficient (Gravel Prods. Division of Buffalo Crushed Stone Corp. v. Sunnydale Acres, 10 Misc 2d 323). Then too, the defendant denies signing on or about May 28, 1958. Thus the plaintiff’s affidavits are not sufficient and there is a triable issue as to when the defendant indorsed the note.
“ To grant summary judgment it must clearly appear that no material and triable issue of fact is presented * * *. This drastic remedy should not be granted when there is any doubt as to the existence of such issues * * *, or where the issue is ‘ arguable ’ * * * 1 2issue-finding, rather than issue-determination, is the key to the procedure’” (Sillman v. Twentieth Century-Fox, 3 N Y 2d 395, 404).
Therefore, the motions pursuant to rules 104 and 113, and, as to the third affirmative defense, pursuant to rule 109, are denied.
However, the motion pursuant to rule 109 as to the first and second affirmative defenses is granted.
Order signed.