Matthew M. Levy, J.
The plaintiff moves for summary judgment in an action based upon promissory notes made by the defendant. The defendant was a patient of one A. B. Weinstein, a dentist. Dr. Weinstein apparently had an extensive dentistry practice and was otherwise engaged in business enterprise. His patients were many, and his procedure was that they would pay him by notes in advance of the dental services *1046 rendered. This defendant did that very thing, and at least some of his notes were sold to the plaintiff, a domestic banking corporation, which has brought this action on two of the matured instruments.
The notes in suit were made by the defendant on November 7, 1958. Weinstein was the payee. He indorsed them, and the plaintiff received them from him prior to November 17, 1958. The transaction as between Weinstein and the plaintiff was such as to warrant a finding on this submission that more than 6 and less than 13 per centum interest per annum was charged him when the plaintiff discounted the notes made by the defendant.
It is not disputed by the defendant that these notes were given, although in advance payment, as consideration for the dental services to be furnished by Weinstein to the defendant. It appears that the services were not completed, and it is urged by the defendant that the notes were given to the dentist as an accommodation. But no rationalization, in my view, can change the fact that such accommodation was for the purpose of Weinstein being able to raise cash. The dentist did raise the money by discounting the notes with the plaintiff. Thus, while there was an element of accommodation in the situation, it is wholly nullified by the fact that the note was not made merely to accommodate a payee to obtain funds, but that it was made by the defendant as payment to the payee pursuant to a contract.
The reason for this observation is that the defendant claims usury. This defense would apply where the maker of a note merely puts his name to an instrument so that the payee can get money by discount, in which event the person with whom the note is discounted is the first to whom the note has been negotiated. This would be considered an original issue and delivery, and in such case usury would taint the transaction. Since, however, these are not classic accommodation notes, their discounting by the plaintiff was a purchase thereof and their delivery by the payee to the plaintiff did not constitute an original issue by the maker. In consequence, the plaintiff might buy them from the payee at the price they agreed upon without thereby rendering the transaction subject to attack by the maker on the ground of usury.
The defendant relies wholly on Kennedy v. Heyman (183 App. Div. 421). There the court stated (p. 423): “But he [the lender] also knows, or must be held to know, that if the inception of the note consists in its negotiation to him, the transaction is nothing but an ordinary loan, and if usurious the transaction is void.” This is quite true, but wholly inapplicable to the *1047 facts qf this case. What the defendant is trying to say in legal argument is that the plaintiff knew that the payee had, as a matter of practice, obtained accommodation nptes and that the plaintiff loaned moneys to the makers through the offices pf the payee on those notes at usurious rates. But, actually, the plaintiff knew that the dentist took the notes as advance payments for services to be rendered to his patients, and that thereafter the notes were discounted by the dentist with the plaintiff at less than their face amounts. Indeed, that is the practice, on the facts, as described by the defendant. With complete knowledge of these facts and on the basis of the transactions, I hold that the plaintiff is nevertheless a holder in due course, and usury here is not a valid defense.
The defendant’s affidavit in opposition next relates to the contentions of accommodation and subsequent failure of consideration. I have already pointed out that the defendant’s notes here were not accommodation paper in the pure and naked sense in which the term “ accommodation ” is used in the law' merchant. And, as to alleged failure of consideration, it must be noted that there is utterly no issue raised by the defendant as to anything that occurred before the discounting of the notes by the dentist with the plaintiff concerning the dentist’s due performance of his contract with the defendant or of any breach having occurred prior to or as of the time that the plaintiff acquired the notes, or of any defect in the notes known to the plaintiff. As the Appellate Division said in Stratford Factors v. Liborio Corp. (6 A D 2d 423, 424), even the “ fact that plaintiff knew that the basic contract provided that there were to be no payments after the contractor [the dentist, here] stopped work does not affect plaintiff’s character as a holder in due course — provided the apprehended breach occurred after plaintiff took the notes in good faith and for value (Negotiable Instruments Law, § 91; Petroleum Acceptance Corp. v. Queen Anne Laundry Serv., 265 App. Div. 692; Enoch v. Brandon, 249 N. Y. 263).”
Even were there proof of what is alleged in the answer, that there was failure of consideration — in whole qy in part— occurring after the notes had been discounted by the plaintiff, that would not affect the plaintiff’s status as a holder in due course (Tradesmen’s Nat. Bank v. Curtis, 167 N. Y, 194, 197-198). “It has been settled for more than a century that a holder in due course of a note, who received it prior to knowledge of any breach of a contract out of which the note evolved, is entitled to payment thereof without regard to whether or not that contract was breached after he received the note ” (Petro *1048 leum Acceptance Corp. v. Queen Anne Laundry Serv., 265 App. Div. 692, 693).
That legal principle is emphasized by the additional fact in this case that, on November 17, 1958, shortly after the plaintiff discounted the notes which had been delivered to Weinstein by the defendant, the plaintiff wrote a letter to the defendant as follows:
We hold your notes payable to Dr. A. B. Weinstein in the amount of $4,800,00. These notes mature from 6/27/59 to 1/27/60.
If this is in agreement with your records, please acknowledge by signing in the space provided below for this purpose and return in the enclosed envelope, which does not require postage.
If there is any discrepancy, please communicate with us immediately.
In response thereto, the defendant noted that the “ above is correct.” This written statement by the defendant is effective indication that the issues now sought to be raised by the defendant are afterthoughts. In any event, I find that they • are meritless.
On a motion for summary judgment, a defendant may, in proper circumstances, say: “ I ought to have an examination of the plaintiff before he should be permitted to have judgment ” (Bartels v. Rubel Corp., 205 Misc. 673, 675-676). But, since the facts here are fully known, and, indeed, undisputed, the defendant is not in that kind of position. There is no factual claim that the note was obtained from the defendant by fraud or that title to the note was in any other way defective (Negotiable Instruments Law, § 94). And, absent such a claim, the amount of the discount is immaterial (cf. Broad & Lackawanna Realty Co. v. Breitung, 239 N. Y. 154).
The plaintiff’s motion to strike the answer is granted. Settle order providing for summary judgment in plaintiff’s favor and for the deposit with the Clerk of the notes sued upon (New York County Supreme Court Rules, Special Terms, rule II, subd. 4).