■   ARTIA PARLIAMENT DISTRIBUTING CORP., Appellant, v. STEPHEN KENDRICKS, Defendant, and HERTA REIS, Both Doing Business under the Name of EVECAR Co., Respondent, et al., Defendant.— Order, entered on April 5, 1963, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, with $20 costs and disbursements to appellant, and the motion granted, with $10 costs. This is an action on two checks. Plaintiff is engaged in factoring. Defendant Artia Parliament Industries, Inc. (Industries) is indebted to plaintiff in excess of $1,000,000. In October, 1962, Industries indorsed and delivered to plaintiff two checks in the total sum of $10,125 made by defendant-respondent. Prior thereto Industries had assigned to plaintiff accounts receivable including one from Evecar, Inc. On receipt of said checks plaintiff applied them on account of the indebtedness due from Industries by entries on its books indicating payments from Evecar, Inc. Defendant-respondent alleges neither her firm nor Evecar, Inc., did business with Industries and that the account assigned to plaintiff is fictitious. Respondent also avers the checks were given in exchange for two checks in the same amounts made by one Frankel, a principal of Industries; that one of them was presented for payment and returned for insufficient funds and the other not presented because respondent was told, presumably by Frankel, not to deposit it. Respondent thereupon concludes she is an accommodation maker of the checks here in suit and the plaintiff is not a holder for value. The fact is respondent is not an accommodation maker having received in exchange the checks of Frankel. (*Milius* v. *Kauffmann,* 104 App.

Div. 442; *McBee Co.* v. *Shoemaker,* 174 App. Div. 291, affd. 225 N. Y. 621.) Plaintiff is a holder in due course against whom the defenses relied on by respondent may not be asserted. (Negotiable Instruments Law, §§ 97, 98.) With respect to the account of Evecar, Inc., assigned to plaintiff, there is nothing in this record to establish plaintiff knew or should have known the account was fictitious. Concur — Botein, P. J., Breitel, McNally, Stevens and Steuer, JJ.