(July 11, 1967)

30-12 LEWMAY CORP. et al., Respondents, v. PUBLIC MUTUAL INSURANCE COMPANY, Appellant, and ROSE THAU, Individually and as Executrix of ISRAEL THAU, Deceased, et al., Respondents. 30-18 LEWMAY CORP. et al., Respondents, v. PUBLIC MUTUAL INSURANCE COMPANY, Appellant, and SAFEGUARD MUTUAL INSURANCE COMPANY et al., Respondents.

MEMORANDUM BY THE COURT. Orders, entered November 21, 1966, denying defendant's motion to dismiss the complaint on the ground that the action is barred by the Statute of Limitations, modified, on the law and the facts, to the extent of requiring a separate and prior trial of the issue of the Statute of Limitations, and otherwise affirmed, with $50 costs and disbursements to respondents.

On this record we do not feel that appellant is entitled to judgment as a matter of law, nor can we say that it was an abuse of discretion to compel it to assert its claim as an affirmative defense.

EAGER, J. (dissenting). These motions, denied at Special Term, were made by Public Mutual Insurance Company (Public Mutual) pursuant to CPLR 3211 (subd. [a], par. 5) for judgments dismissing the causes of action and cross complaints (by mortgagee) asserted against it. Public Mutual contends that the causes of action and the cross complaints were barred since the actions were not brought within the time limited by the law for the commencement thereof.

Concededly, the contractual 12 months' limitation period, contained in the standard fire insurance policy, applied to bar the actions against Public Mutual unless it is precluded by waiver or estoppel from asserting the defense (see Insurance Law, § 168, subd. 3). Under these circumstances, the plaintiffs and cross complainant (respondents here), in opposing the motions grounded upon the apparently valid defense, were bound to present evidentiary data in alleged avoidance of the defense. (See *Schillinger* v. *North Hills Realty Corp.*, 15 A D 2d 539, 540, affd. 11 N Y 2d 1044.) However, although the respondents have had the opportunity to conduct examinations before trial, they have utterly failed to present any valid proof supporting their claims of waiver and estoppel.

The contention of the respondents is that Public Mutual should be bound by an extension of time to bring suit that was granted by a firm of attorneys conducting an examination of the insureds in behalf of certain insurance companies. But the said firm of attorneys was not retained by or authorized to represent Public Mutual. The conclusory and argumentative affidavit by a member of such firm, as an affidavit by an attorney without personal knowledge, must be disregarded. (See *Di Sabato* v. *Soffes*, 9 A D 2d 297, 301; *Cohen* v. *Pannia*, 7 A D 2d 886.) Furthermore, the testimony of Campbell, an adjuster, given on the examination before trial, does not properly support the claim of waiver or estoppel. He testified merely to a single telephone conversation between his secretary and someone (not identified) in the office of an excess line broker claimed but not shown to have the necessary authority to represent Public Mutual. Campbell's testimony was that his secretary was told by the person in the office of the broker that Campbell was authorized to act as the adjuster of the fire losses in behalf of Public Mutual. Campbell, however, did not overhear the conversation and his testimony with regard thereto was the rankest of hearsay. These motions should not have been denied on the basis of such testimony. Allegations based upon surmise, conjecture, hearsay or suspicion are not acceptable (see *Shapiro* v. *Health Ins. Plan*, 7 N Y 2d 56, 63; *Long Is. Trust Co.* v. *Merz*, 20 Misc 2d 342, 344–345); otherwise, the very purpose of the CPLR (3211, subd. [a], par. 5) authorizing the motion is defeated.

Furthermore, if we accept the hearsay testimony of Mr. Campbell and also assume that the excess line broker had the authority to empower him to act as an adjuster for Public Mutual in connection with the losses, there is absolutely nothing in the record to indicate an authority on the part of Campbell to retain attorneys to represent Public Mutual or to authorize such attorneys in its behalf to grant an extension of the limitation period.

Public Mutual was entitled to stand by silently while the contractual period of limitation was running. It was not bound to reply to the copy of notice of loss delivered to it nor to the two letters from a broker demanding the issuance of policies. It took no affirmative action and made no promise or statement of any kind tending to mislead the respondents. Consequently, there is no

valid basis for the claim that the doctrine of equitable estoppel should apply to preclude Public Mutual from asserting the defense grounded upon the expiration of the limitation period (see 35 N. Y. Jur., Limitations and Laches, § 17; *Erbe* v. *Lincoln Rochester Trust Co.*, 13 A D 2d 211, appeal dsmd. 11 N Y 2d 754; *Robinson* v. *City of New York*, 24 A D 2d 260; see, also, *Proc* v. *Home Ins. Co.*, 17 N Y 2d 239; *Skylark Enterprises* v. *American Cent Ins. Co.*, 23 Misc 2d 290, affd. 13 A D 2d 707).

Finally, I would hold that the cross complaintant mortgagee is bound by the provisions requiring that suit against Public Mutual be brought within the 12 months' period (see *Hession Hills Country Club* v. *Home Ins. Co.*, 262 N. Y. 189, 201; *Mortgagee Affiliates Corp.* v. *Commercial Union Ins. Co.*, 27 A D 2d 119; *Howe* v. *Mill Owners Mut. Fire Ins. Co. of Iowa*, 241 App. Div. 336.

In light of the foregoing, I would reverse and grant the motions of the defendant Public Mutual Fire Insurance Company to dismiss the actions and the cross complaints.

Stevens, J. P., Steuer and McNally, JJ., concur in Memorandum; Eager, J., dissents in opinion in which Rabin, J., concurs.

Orders, entered November 21, 1966 modified, etc.