**In the Matter of APPLIANCE PACKING
& WAREHOUSING CORP.,
Bankrupt.**

**No. 69 B 365.**

United States District Court,
S. D. New York.

June 26, 1972.

Otterbourg, Steindler, Houston & Rosen, P. C., New York City, for Warren C. Schwartz, Trustee in Bankruptcy of Arista Trading Co.

Howard Karasik, New York City, for Joseph L. Gould, Trustee in Bankruptcy of Appliance Packing and Warehousing Corp.

MOTLEY, District Judge.

*Memorandum Opinion
and Order*

I. *Statement of Facts:*

This is a petition to review an order of Referee in Bankruptcy Babitt filed on January 18, 1972. The relevant facts underlying that order are as follows. Arista Trading Co. (Arista), now bankrupt, was a partnership owned by Joseph L. Mollick and Irving Mollick, who are also the sole stockholders of Appliance Packing and Warehousing Corp. (Appliance, the subject of this bankruptcy proceeding.) Arista was engaged in the purchase and sale of appliances for the export market from Westinghouse Electric International Co. (WEICO). Appliance packaged and warehoused appliances for export, and most, if not all, of its business came from Arista.

In July 1964 Arista owed WEICO approximately $147,000. On July 28, 1964, Arista and Appliance jointly executed a promissory note in favor of WEICO for $142,000. Real property owned by Appliance formed the collateral for this note. After payments of about $44,000 had been made Arista defaulted. This note was later extended under subsequent

agreements. A second promissory note for $37,000 was executed by Arista and Appliance on June 19, 1966.

After Arista and Appliance became bankrupts, WEICO filed a claim in the Appliance bankruptcy for $111,639.16, representing the unpaid balance on the two notes. Fifty thousand dollars of this sum was recognized as a secured claim and paid to WEICO, and the balance as a general claim.

The trustee of Appliance, considering Appliance to have been an accommodation maker of the two notes, then moved for an order subrogating him to such rights as WEICO has against Arista. The Referee granted this motion, subrogating Appliance to the right of WEICO against Arista to the extent of $111,-639.16 and granting the trustee in bankruptcy of Appliance the right to claim an offset against a claim for $116,649.51 filed by Arista's trustee in bankruptcy in this Appliance bankruptcy proceeding by the sum of $111,639.16.

The Referee reasoned that § 3-415 of the Uniform Commercial Code applies, and under that section an accommodation party who pays on an instrument is subrogated to the rights of the holder and should have recourse on the instrument. This is true regardless of whether the accommodation party received value for his signature or not.[1]

The trustee in bankruptcy of Arista, petitioner here, argued that the U.C.C. does not apply because the transaction occurred prior to the effective date of that statute, and that the applicable law was New York Negotiable Instruments Law § 55, Laws of 1898, Ch. 336, § 23 (repealed 1964), which was superseded by the U.C.C. Under § 55 of the Negotiable Instruments Law, an accommodation party is one who has signed an instrument as a maker "without receiving value therefor." Appliance did receive value; therefore, it is not an accommodation

before the effective date . . . of this Act and the rights, duties and for the reasons which follow.

II. *Applicability of the U.C.C.:*

New York's version of the U.C.C. took effect on September 27, 1964; as noted above, the first note was executed on July 28, 1964 and the second on June 19, 1966. Section 10-102(2) of the U.C.C. states in pertinent part:

"Transactions validly entered into party, and is, instead a co-obligor on the note, Arista's trustee argues.

We agree with the trustee for Arista, interests flowing from them remain valid thereafter and may be terminated, completed, consummated or enforced as required or permitted by any statute or other law repealed or modified by this Act as though such repeal or modification had not occurred. . . ."

Section 10-101 states:

"This Act applies to transactions entered into and events occurring on and after the effective date specified in Section 10-105 of this Act [September 27, 1964]."

While recognizing that the first note was executed July 28, 1964, before the Code took effect, the Referee held that because the note was modified, and related instruments executed, after September 27, 1964, the Code should apply. He found support for this conclusion in the words "events occurring on and after the effective date" in § 10-101.

We note first that § 10-102(2) quite explicitly makes transactions entered into before September 27, 1964 subject to the pre-Code law. We hesitate to impart a definition to the much more ambiguous language of § 10-101 that would negate the clear meaning of § 10-102(2). The Official Comment to § 10-102 specifically notes that "[s]ubsection (2) provides for transition to the Code."

---

1. Section 3-415(1) of New York's U.C.C. states:
"An accommodation party is one who signs the instrument in any capacity for the purpose of lending his name to another party to it."

On the other hand, the Official Comment gives absolutely no indication that the words "events occurring on or after the effective date" were meant to affect the kinds of transactions to which the Code should apply.

As a practical matter, having the Code apply to cases where the original transaction took place before September 27, 1964 but certain operative events occurred after that date would produce uncertainty and needless litigation. Parties would be unsure which were the relevant "events" governing whether the Code did or did not apply and, as a consequence, would have an incentive to raise the question in litigation. This result would be directly contrary to the Code's central purpose of providing certainty, clarity and simplicity in commercial transactions. See § 1–102.

Furthermore, the overwhelming majority of cases construing sections 10–101 and 10–102(2) have held that prior law applies to those transactions validly entered into before the effective date but not fully carried out by that time. *See* e. g. Gem Corrugated Box Corp. v. National Craft Container Corp., 427 F.2d 499, 502 (2d Cir. 1970); Eskimo Pie Corporation v. Whitelawn Dairies, Inc., 284 F.Supp. 987, 991 (S.D.N.Y.1968); Franklin Research and Development Corp. v. Swift Electric Supply Co., 236 F.Supp. 992, 1004 n. 4 (S.D.N.Y.1964); Phoenix v. Kovacevich, 246 Cal.App.2d 774, 55 Cal.Rptr. 135 (1966).

■ We therefore hold that § 3–415 does not apply to the first promissory note. Since the second note, dated June 19, 1966 was a separate transaction the Code does apply, and Appliance thus has a right of subrogation to the extent provided by law.

### III. *New York Negotiable Instruments Law*

Having found that the Negotiable Instruments Law governs the first note, we now turn to the question of whether Appliance was an accommodation party to that note within the meaning of this statute. If it was an accommodation party it has a right of subrogation against Arista; if it was not, it is liable as a co-obligor on the note and is entitled only to contribution from Arista.

Section 55 reads in pertinent part:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor or indorser, *without receiving value therefor,* and for the purpose of lending his name to some other person." (Emphasis added).

The Referee found "that in light of the interrelationship of Arista and Appliance and the identity of partners of Arista as principals of Appliance, Appliance must be held to have received value for its accommodation." That value, he found, was the continuation of Arista in business as the purchaser of WEICO products which Appliance would warehouse, package and ship. It should also be noted that the collateral for the July 28, 1964 note was real property belonging to Appliance, a further indication that it was more than an accommodation party.

■ There appears to be little case law in New York defining the "value" which a party cannot receive if it is to be an accommodation party under § 55. But as a general rule "[i]f consideration for the instrument passes directly to the particular party, he is a principal maker and not an accommodation maker . . ." 11 Am.Jur.2d, Bills and Notes § 121 at p. 162, citing American Trust Co. v. Glassman, 24 Misc.2d 1045, 207 N.Y.S.2d 128 (Sup.Ct.1960), appeal dismissed conditionally, 12 A.D.2d 582, 214 N.Y.S.2d 237 (1st Dept. 1960). In view of the total circumstances of the Arista-WEICO note, we find that Appliance did receive value, that it lacks the status of accommodation party, and is therefore to be treated as a co-obligor on the 1964 note. *Cf.* W. Britton, Handbook of the Law of Bills and Notes § 218 (1961); Long Island Trust Company v. Merz, 20 Misc.2d 342, 187 N.Y.S.2d 419 (Sup.Ct.1959); Artia Parliament Distributing Corp. v. Kendricks, 19 A.D.2d 813, 243 N.Y.S.2d 493 (1st Dept. 1963).

Submit order on 5 days' notice.